SAMUEL MILLER *vs.* THE STATE, USE OF LEWIS FIERY.—
*December*, 1849.

The act of 1845, ch. 358, requiring *Washington* county court to grant an appeal in this case, and to set out and embody in the record, certain exceptions and points of law decided in a previous cause in said court resembling this, is unconstitutional and void, as the exercise of judicial powers by the Legislature

Appeal from *Washington* county court.

It appears from affidavits contained in the record in this case, that two suits were instituted at the same time, against the same defendant, (the present appellant,) upon the same guardian's bond. One in the name of the State, for the use of *Henry Fiery*; which is reported in 3 *Gill*, 335, and *ante p.* 141, the other for the use of *Lewis Fiery*, (the present case.) Both cases were tried at November term, 1843, of *Washington* county court. *Henry's* case was tried first, and certain questions of law decided against the plaintiff, to which exceptions were taken at the time. Immediately after the jury retired in *Henry's* case, that of *Lewis'* was taken up, and the same questions of law decided by the court, but no exceptions were taken by his counsel, they being under the impression that no objections would be made to the taking of such exceptions when the cause was finally decided; in other words, that the one case should abide the result of the other. In the case of *Lewis*, the jury returned with a verdict for the defendant, and a motion for a new trial was immediately made. In *Henry's* case, the jury were unable to agree, and were discharged. The causes were then continued for several terms; *Henry's* as it originally stood on the docket, and *Lewis'* under motion for a new trial. At November term, 1844, *Henry's* case was again tried, and the same points arose, and were decided as before, and exceptions taken by the plaintiff. The jury rendered a verdict for the defendant, and the court, at the same term, overruled the motion for a new trial in the case of *Lewis*. The bills of exceptions were then drawn up and signed in *Henry's*

case, and upon application to have similar exceptions signed in *Lewis'* case, the defendant's counsel objected, and the court refused to interfere. The plaintiff then applied to the Legislature, and the act of 1845, ch. 358, was passed for his relief. This act is recited, verbatim, in the opinion of the court in this case. In pursuance of this act, the record was made up, and the same exceptions signed as reported in *Henry's* case, in 3 *Gill*, 335. The case of *Henry* having, in the meantime, been reversed by the Court of Appeals, and sent back under a procedendo, it was agreed to reinstate the case of *Lewis* upon the docket, so that the new points to be raised and decided upon the trial of *Henry's* case, under the procedendo, might also be raised in this. It was further agreed, that if the signing and sealing of the bills of exceptions, above referred to, should be deemed void by the Court of Appeals, in consequence of the unconstitutionality of the act of 1845, this appeal should be dismissed, otherwise to be heard and determined upon the questions of law to be raised and decided in the trial of *Henry's* case, the result of which this case is, in that event, to abide.

The cause was argued before DORSEY, C. J., MAGRUDER, and FRICK, J.

By WM. PRICE, for the appellant, who insisted:

That the act of 1845, was an assumption by the Legislature of judicial powers, and, therefore, unconstitutional and void.

By JOHN THOMPSON MASON, for the appellee:

The question involved in this appeal is, the constitutionality of the act of Assembly of 1845, ch. 358. It is a conceded point, that an act of the Legislature, directing a court to grant a new trial, is not repugnant to the constitution. In addition to the other views presented in the argument of this cause, it is contended, that the effect of the present act of Assembly was but to require *Washington* county court to grant a new trial. The act required that the bills of exceptions, which had been previously prepared and sealed by this court, in the case of

*Henry Fiery and Samuel Miller*, should be incorporated in the case of *Lewis Fiery*, the case now under consideration. It is contended, by the defendant's counsel, that the bills of exceptions in question, might contain points or questions which did not arise in this cause, or might have omitted points and questions that did arise, and that in that way the Legislature had arrogated to itself judicial powers. For the sake of argument, admit that the two cases are not alike, and that the bills of exceptions in the case of *Henry Fiery*, may contain questions which did not, in fact, arise in the case of *Lewis Fiery*, or, on the other hand, may have omitted questions which did arise. The bills of exceptions, as presented to the Court of Appeals, in the case of *Henry Fiery*, made such a case as required the court to send back the case to the county court upon procedendo. The same bills of exceptions afterwards arising in the case of *Lewis Fiery*, under the act of Assembly, would, of course, be decided as they had before been, and this case, like the case of *Henry Fiery*, would have been sent back under a procedendo.

In the first place, we will suppose that the court, in acting upon the bills of exceptions which had been submitted to them under the act of Assembly, had decided questions which, in fact, never had arisen, and which were, in truth, no part of this case. How could such a circumstance affect the case in the trial below, under the procedendo? If the questions which the Court of Appeals had decided, did not arise in the subsequent trial of the cause, then, as a consequence, the law, as laid down by the court, had no application to the case, and were mere abstractions, in no way affecting the rights of the parties to the cause. If a state of facts, however, did arise, as contemplated, rendering this case similar to the one of *Henry Fiery*, the law was at hand to fit the case

On the other hand, if there were other questions which did arise in the case of *Lewis Fiery*, which are not embraced in the bills of exceptions, and were, therefore, not decided by the Court of Appeals, what is there to prevent the defendant from raising those questions anew upon the trial, under the proce-

dendo? He is only bound by the law of the other case, so far as the same applies to this case, and no new and dissimilar questions can be determined by the law of the former case.

The case, then, reduces itself to this condition of things: If the questions in the case of *Lewis Fiery* are the same with those which had been previously decided by the Court of Appeals, in the case of *Henry Fiery*, then the defendant cannot complain that the case should be determined as the former case had been, for the decision in the former case had become the law of the land, and was not only to govern the case of *Lewis Fiery*, but was to govern all subsequent similar cases. If, on the other hand, the cases should be found dissimilar, the law of the former case determined nothing as to the law of the latter; in other words, whenever the latter case differed from the former, it was a new case, and was to be decided upon different principles of law. The *effect* of the act of Assembly, therefore, was but to grant a new trial to *Lewis Fiery*, which it was conceded the Legislature had a right to do.

DORSEY, C. J.. delivered the opinion of this court.

Whilst entirely concurring in the well established principle of law, that the judicial tribunals of this State ought never to declare an enactment of its Legislature unconstitutional and void, unless it plainly appears that the Legislature has transcended its constitutional powers, we think it manifest that the act of 1845, ch. 358, is the exercise of such an unconstitutional power, by the General Assembly of *Maryland*, as renders it wholly inoperative and void. As decided by this court in the case of *Crane vs. Meginnis*, the legislative and judicial powers, under the constitution of this State, are confided to different branches of the government; the Legislature are incompetent to exercise judicial powers. The only question, then, which this case presents, is: did the General Assembly, in passing the act of 1845, ch. 358, assume the exercise of judicial powers? In perusing that law, it is impossible not to see that it has done so. By the act it is provided, "that the court of *Washington* county be and the same is hereby autho-

rised and required to grant an appeal in the case heretofore decided by said court, wherein the State of *Maryland*, use of *Lewis Fiery* was plaintiff, and a certain *Samuel Miller* was defendant; and that the points of law decided, and the instructions given by the said court, as set forth and contained in an appeal already granted by said court, wherein the said State of *Maryland*, use of *Henry Fiery*, was plaintiff, and the said *Samuel Miller* defendant, and in every way similar to the case first herein mentioned, be set forth and embodied in the record of the appeal herein provided for; *provided, nevertheless,* that the said court shall be satisfied that the plaintiff aforesaid lost his right to appeal in the above case at the proper and regular time for taking the same, by a misunderstanding of the counsel engaged in the case, in regard to the taking of the said appeal." In respect to this proviso, there could be no doubt; the power which is conferred, was one which might have been exercised by the county court. This was the only uncontrolled power which the court was authorised to assume. Every thing else that the court was required to do, under this act of Assembly, was to be done in obedience to the positive mandate of the Legislature. The court were required not to certify, truly, its judicial proceedings in a case which had been tried before it, and from their decision of which, a legislative appeal was provided; but, in effect, to certify contrary to the fact, that certain bills of exceptions, taken twelve months afterwards, in a different cause, were bills of exceptions taken in the cause in which the court was required to interpolate them. An implicit obedience to this legislative mandate, was imposed upon the court, even though it might be satisfied of its own knowledge, that not a particle, either of the law or facts contained in the bill of exceptions, ever transpired in the trial of the case, in which it was required to insert them as a part of its proceedings. Bills of exceptions are the certificates of the judicial proceedings, the adjudications, of the court, and the Legislature has no more power, by a retrospective law, to require the court to insert in the record of its proceedings, bills of exceptions never taken in the trial of the causes, than it has a *priori* to order the court to

enter any specified judgment in a cause pending before it for trial, or to certify in the transcript of the record of a cause, which had been adjudicated by it, a judgment the reverse of that which had been rendered. That the act before us is unconstitutional and void, as the exercise of judicial powers by the General Assembly of *Maryland*, it is deemed unnecessary to refer to any other of the numerous authorities cited in the argument, than that of *Crane vs. Meginnis*, 1 *Gill & John.*, 463.

The agreement of the counsel in the cause, requires nothing more of this court than the expression of its opinion on the constitutionality of the act of Assembly.

APPEAL DISMISSED.