THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed April 17, 1900.*

SPECIAL ASSESSMENTS—*assessment cannot be levied to pay for work done prior to passage of ordinance.* A special assessment cannot be levied to pay for an improvement constructed prior to the passage of the ordinance and which is not shown to have been authorized by any prior ordinance whatever.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

E. PARMALEE PRENTICE, for appellant.

CHARLES M. WALKER, Corporation Counsel, ARMAND F. TEEFY, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by appellant from a judgment of the county court of Cook county confirming a special assessment against its lands for curbing with concrete combined curb and gutter, grading and paving with cedar-block pavement, Fifth avenue from Thirty-ninth street to Root street, in the city of Chicago. The ordinance upon which the assessment is based was passed June 12, 1899. A portion of the work authorized by it, the payment of which

is sought to be enforced by this proceeding, was done a year or a year and a half prior to its passage. The evidence shows that the combined curb and gutter, and grading, being the work already done, is similar to that designated in the ordinance.

The chief objection urged below, but overruled, and now insisted upon here, is, that, the greater part of the grading and curbing authorized by this ordinance having been done prior to its passage, the city could not legally levy an assessment for the cost of the portions of the work so done. We held in *Pells* v. *City of Paxton*, 176 Ill. 318 (on p. 326): "A city council has no right to make an improvement, and then, after the improvement is made, pass an ordinance providing for the making of the improvement. The passage of the ordinance must precede the making of the improvement, and the making of the improvement and all steps thereafter are absolutely void unless preceded by a valid ordinance." We also said in *City of East St. Louis* v. *Albrecht*, 150 Ill. 506, where the same rule is announced (p. 511): "One of the controlling reasons for requiring an ordinance to be passed prior to making the improvement is, that from the nature, char-acter, locality and description of the same, which the statute requires every such ordinance to specify, an intelligent estimate of the cost of the material, labor, etc., may be made, both as a protection to owners of property and as a restraint upon the municipal authorities." See, also, *City of Carlyle* v. *County of Clinton*, 140 Ill. 512.

Appellee insists, however, that under the decisions of this court a municipality can pass an ordinance for work already done, where it was done in good faith and under a valid ordinance. That is true; and an assessment could also be made to pay for work which has been already performed, even under an insufficient ordinance. (Hurd's Stat. 1897, chap. 24, par. 564.) But this case does not fall within either of those rules. It appears that an ordinance had been passed in January, 1896, providing for a

similar improvement, (and afterwards repealed,) but it is not shown the work already done was performed under that or any other ordinance whatever, and the absence of such showing is pointed out and insisted upon by counsel for the city. The facts presented by this case, then, simply show an attempt on the part of the municipal authorities (without reference to any former ordinance) to levy an assessment to pay for work some of which had been already done. This is in direct violation of the rule followed in the cases above cited.

For the error in failing to sustain the objection of appellant the judgment of the county court will be reversed.

*Judgment reversed.*