E. P. McMANUS, Appellee, v. CALVIN HORNADAY, Appellant.

**Special assessments:** JUDICIAL DETERMINATION. LEGALIZING ACT.
1  Where a suit has been brought against a property owner for the recovery of a tax, and it has been fully and finally adjudged that the tax was invalid, a subsequent legalizing act will not operate to nullify the effect of the judgment and permit another suit to recover upon the same demand.

**Void tax:** LEGALIZATION BY ORDINANCE. The adoption of a city ordi-
2- nance legalizing an assessment and levy of a special tax, which by judicial determination has been declared void, is not a compliance with sections 834 and 835 of McClain's Code, and is of no validity.

*Appeal from Lee District Court.*— HON. W. S. WITHROW, Judge.

Tuesday, June 7, 1904.

The opinion states the case.— *Reversed.*

*W. J. Roberts,* for appellant.

*Hazen I. Sawyer,* for appellee.

Weaver, J.— Plaintiff states his alleged cause of action in three counts, as follows: (1) It is alleged that the city of Keokuk, acting under its charter powers, caused Orleans street to be curbed, guttered and macadamized, and that the cost of the improvement thus made was duly assessed against the property abutting upon said street. It is further alleged that the defendant was at the date of such improvement the owner of a certain lot fronting upon said street, against which lot there was assessed its due proportion of the cost of said improvement, and a certificate for the amount of such tax was issued to the plaintiff. Said certificate is still the property of the plaintiff, and the tax or claim represented by it is due and unpaid, and defendant refuses to pay the same. (2) The second count is in all respects a repetition of the first count, except that the date of the city ordinance under which the improvement was ordered and the date upon which the certificate was issued are left blank. (3) The third count adopts the allegations of the first and second counts, and alleges that " plaintiffs or their privies " furnished the materials, work and labor required for said improvement, and that the reasonable value thereof, chargeable to the defendant's property, and payable by him, was $117.03 ; being the same amount or debt represented by the certificate declared upon the first and second counts.

On these allegations, judgment is demanded against defendant for $117.03, with interest and costs, and for an

order for the sale of defendant's property to satisfy the lien of said special assessment.

For answer the defendant, (1) denies the power of the city to cause its streets to be paved, curbed, guttered, or macadamized at the expense of the abutting property, or to make certificates issued for such improvement a lien upon such property, except when such improvement is made in accordance with the duly established grade of the street; denies that the alleged improvements upon Orleans street were made in accordance with the established grade, but that they were in fact laid upon the natural surface, far above such grade; and alleges that said work was done without authority of law, and without defendant's consent or acquiescence. (2) He further alleges that on April 7, 1894, in the superior court of the city of Keokuk, the plaintiff brought a suit against the defendant upon the same certificate now declared upon, resulting in a decree in said court in plaintiff's favor for the recovery of the amount claimed. Thereafter defendant appealed from the decree so entered to this court, where, upon a full hearing on the merits, said decree was reversed; it being held and decided that said special assessment and certificate were void and conferred no right of recovery upon the plaintiff. Said judgment of reversal having been entered, a procedendo was issued from this court to the superior court of Keokuk, and thereupon, on August 3, 1897, the latter court entered final judgment dismissing the plaintiff's bill, and taxing against him the costs of the proceeding. By reason of all these facts it is alleged that the plaintiff's pretended cause of action has been fully and finally adjudicated. Replying to the foregoing answer, the plaintiff admits the bringing of the former suit, the judgment in his favor in the trial court, the reversal of such judgment by this court, and the subsequent judgment dismissing the petition. He next alleges that said reversal and the dismissal of his petition were by reason of " certain irregularities and illegalities." in the ordering of

the street improvement, and in adopting a change of the grade of said street, and says that thereafter the Twenty-sixth General Assembly of this State (Acts 26th General Assembly, Extra Session, page 35, chapter 28) enacted a statute legalizing the said change of grade, and the acts of the city in improving said street, and in levying the tax therefor, and legalizing the certificates issued for said tax. Further replying to said answer, plaintiff avers that on January 14, 1897, the city council of Keokuk adopted an ordinance changing the grade of Orleans street to correspond with the macadamizing, curbing and guttering theretofore made, and "legalizing the orders and proceedings of the city council" in causing said improvements to be made, and in levying the cost thereof upon the abutting property.

To this reply the defendant demurred on the ground that the legalizing act of the Twenty-sixth General Assembly is unconstitutional and void; that the legalizing ordinance by the city council is also unconstitutional, and cannot have retroactive effect, or give life or validity to a tax or certificate already adjudged to be void; and because said enactments are an unauthorized interference with judicial proceedings, and constitute, in effect, an attempt to grant a new trial by special legislation. The demurrer being overruled, and defendant electing to stand thereon, judgment was rendered as demanded by plaintiff, and defendant appeals.

I. Assuming that it was within the power of the Legislature by special act to legalize the proceedings of the city council in ordering the street improvement, and in

1. SPECIAL ASSESSMENTS: judicial determination; legalizing act. assessing the cost thereof against the abutting property, we have then to inquire whether such legalization can have the effect to make the defendant liable upon a claim or cause of action which has been litigated to the court of last resort and determined in his favor? In our judgment, that question must be answered in the negative. While it is competent for the Legislature to prescribe remedies and methods of procedure to be

observed and applied by the courts, it is an elementary proposition of constitutional law that the judicial department of the government is, within its appropriate sphere, entirely independent of legislative interference, and the adjudication of a controversy between litigants having been once accomplished in due form of law, the Legislature is without power by special act to nullify such adjudication and reopen the controversy for another trial. *Williams v. Register,* 3 Tenn. 214; *People ex rel. Butler v. Saginaw,* 26 Mich. 22; *Sanders v. Cabaniss,* 43 Ala. 173; *Dorsey v. Dorsey,* 37 Md. 64 (11 Am. Rep. 528); *Roche v. Waters,* 72 Md. 264 (19 Atl. Rep. 535, 7 L. R. A. 533); *Campbell v. Corry,* 5 Wkly. Law. Bul. 516; *Bates v. Kimball,* 2 D. Chip. 77; *Young v. Bank,* 4 Ind. 301 (58 Am. Dec. 630); *Merrill v. Sherburne,* 1 N. H. 199 (8 Am. Dec. 52); *Miller v. State,* 8 Gill, 145; *Forster v. Forster,* 129 Mass. 559; *Moser v. White,* 29 Mich. 59; *Baltimore v. Horn,* 26 Md. 194; *Borealis v. Dobbie,* 17 Ohio, 125; *Milam v. Bakeman,* 54 Tex. 153; *Yeatman v. Day,* 79 Ky. 186; *Gaines v. Catron,* 20 Tenn. 514; *Peerce v. Kitzmiller,* 19 W. Va. 564; *Denny v. Mattoon,* 2 Allen, 379 (79 Am. Dec. 784). Several of the foregoing cases are quite parallel in facts and circumstances with those now under consideration, while all and many more which might be cited are applicable in principle.

In *Moser v. White, supra* — a Michigan case — a village council, having authority to levy a tax by resolution or by-law, proceeded to levy the same by parol vote. The plaintiff recovered judgment before a justice of the peace against the village authorities for trespass in seizing and selling his property to pay the tax thus illegally or irregularly levied. This judgment was reversed on *certiorari* by the circuit court, and plaintiff sued out a writ of error to the Supreme Court. After the judgment was rendered by the justice of the peace, and before the case had been disposed of by the Supreme Court, the Legislature, by special act, attempting to legalize the tax roll and cure all the

defects in the proceedings. The defendants sought to take advantage of this act, but the court refused to give it effect, saying: " But plaintiff's judgment was obtained before this act was passed. If regular when obtained, it could not be reversed. The Legislature have no authority to reverse judgments, directly or indirectly. The effect of the act must be so limited as not to interfere with an existing judgment, or it would be necessary to declare it void, on principles too elementary to be discussed." The principle here so clearly stated is also discussed with much ability and force by Bigelow, J., in *Denny v. Mattoon, supra.* Speaking of a legislative attempt to give validity to proceedings which the court had already declared void, he says: " The gist of the present inquiry is whether the Legislature, by a statute confirming proceedings which this court has adjudged to be void, and declaring that the same shall be taken to be good and valid in law, has the power to impair, set aside, or annul the effect and force of a judgment in its nature final, so that it can no longer be conclusive of the rights of the parties. Such is the effect which the petitioner seeks to give to the statute. It is the sole ground on which the interposition of the court is asked in the present proceeding. The validity of the statute in its application to other cases or proceedings is not now before us. The precise question is whether it can be held to operate so as to confer jurisdiction over parties and proceedings which it has been judicially determined did not exist, and give validity to acts and processes which have been adjudged void. The statement of this question seems to suggest the obvious and decisive objection to any construction of the statute which would lead to such a conclusion. It would be a direct exercise by the Legislature of a power in its nature clearly judicial." Quotations to the same general effect could be made from eminent courts and law writers almost indefinitely, but the correctness of the proposition which they affirm seems too clear to require argument or a general marshaling of the authorities.

' The appellee insists, however, that conceding the rule to be as stated, this case does not come within its terms, but is governed by *Richman v. Supervisors,* 70 Iowa, 627; *Tuttle v. Polk,* 84 Iowa, 12, and other precedents of that class. This contention cannot prevail. In the cases cited there was a reassessment of the tax, and the action which this court upheld was upon the new demand thus created, and for that reason the plea of former adjudication could not be sustained. In *Iowa S. & L. Ass'n v. Heidt,* 107 Iowa, 297, and other precedents of that class which are also cited, the legalizing acts were applied to cases in which the litigation was still pending and undetermined. No case has been called to our attention, and we think none exist in this country in which the Legislature is held to have power to give new life to a cause of action which has been finally adjudicated by a court of competent jurisdiction. The theory of the appellee that the issue in the present case is not identical with the one formerly tried is not sound. It is brought by the same plaintiff against the same defendant upon the same certificate, and for a recovery of the same tax. The only new element in the case is the legalizing statute, which was enacted after the former adjudication was complete, and this, as we have seen, cannot affect the force, validity, or conclusiveness of a judgment already duly rendered. It may well be that where a work of public improvement has been performed, and the tax to provide payment therefor has been adjudged illegal because of some defect in the proceedings not going to the jurisdiction or power of the city to act in the premises, the Legislature, by general or special statute, may provide for a reassessment, and the tax thus levied be enforced. In such case no attempt is made to infuse life or validity into the tax which has been adjudged void, nor to enable the city or certificate holder to recover in a second suit upon the tax found to have been illegally assessed. The new assessment creates a new

obligation, wholly independent of the first assessment, and imposes a liability upon the property owner wholly distinct from that which was litigated in the first suit. The judgment in the first suit was not rendered upon any mere plea in abatement, but upon a plea going directly to the right of the city or of the holder of its certificate to any recovery upon the merits, and the final adjudication there reached that this tax was invalid and unenforceable must stand, notwithstanding the legalizing statute.

In the judgment of the writer of this opinion, the decision in *Iowa S. & L. Ass'n v. Heidt, supra,* goes to the utmost allowable limit in recognition of the power of the Legislature to affect the relations and rights of litigants in pending suits, and the rule there laid down should not be extended; but giving that precedent full force and effect, it falls much short of the proposition which appellee asks us to affirm. In that case the legalizing act eliminating the plea of usury went into effect before the appeal from the judgment below had been submitted to this court, and we, trying the case *de novo,* recognized and gave effect to the legalizing statute. But if the plaintiff therein had first pursued its foreclosure suit to this court, and had here been finally defeated because of the usury in its contract, we think no one would seriously contend that a legalizing act passed after such final adjudication had been reached could restore life to that particular contract, and clothe plaintiff with the right to maintain another suit thereon; and yet, if the appellee's claim in the present case be correct, there is no logical stopping place short of that conclusion — a conclusion utterly destructive of the constitutional barrier which protects the functions and powers of the judiciary from legislative interference.

It is not necessary for us to follow counsel in consideration of the general powers of the Legislature to pass legalizing acts, nor as to the effect of such statutes upon rights

and claims which have not been finally adjudicated. The question here presented is a much narrower one. It is not a question whether the Legislature can cure defects and informalities in the levy of a tax, or authorize the reassessment where a tax has been adjudged invalid. All it is necessary to hold, and all we do hold, is that where suit has once been brought against a property owner for the recovery of a tax, and it has been duly and finally adjudged that the tax is invalid and that no recovery can be had thereon, no legalizing statute subsequently enacted will operate to nullify the effect of that judgment, and subject that property owner to another suit for recovery upon the same demand.

II. The legalizing act upon which appellee relies contained a proviso to the effect that nothing contained therein should be held to affect pending litigation. At that date, as we have said, the former suit between the parties hereto had been decided in this court. *McManus v. Hornaday,* 99 Iowa, 507. But judgment upon the *procedendo* issued to the trial court was entered at a later date. There is some discussion in the briefs of counsel whether the former litigation could be considered as still pending at the date of said act, but we think the determination of that point is immaterial. If that suit was still pending, then by its terms the legalizing statute does not apply to this controversy; and if, on the other hand, it was not then pending, but said controversy had been fully and finally adjudicated, then it was beyond the power of the Legislature to reopen it for another trial.

III. It would seem hardly necessary to consider the effect of the attempt of the city council to validate a void tax 2. VOID TAX: by the so-called "legalizing ordinance." If a legalization by ordinance. council may by one ordinance levy an illegal tax, and then, after the same has been adjudged void by the courts, proceed by another ordinance to declare its former acts "legal and valid," and thus avoid the effect of the

adverse adjudication, then indeed have judicial determinations ceased to be of any force or effect for the protection of the citizen or his property against municipal usurpation. Counsel argue that under the provisions of McClain's Code, sections 834, 835, which were in force at that time, it was competent for the council to enact such an ordinance. The statute referred to provided that when, by reason of any omission or irregularity in proceedings, a special tax or assessment is invalid or of doubtful validity, the council " may take all necessary steps to correct the same and to reassess, and to relevy the same, including the ordering of the work, with the same force and effect as if made at the time provided by law, or ordinance relating thereto, and may reassess and relevy the same with the same force and effect as an original levy." It is sufficient to say that the ordinance in this case makes not the slightest attempt to direct or provide for any reassessment or relevy of the tax, but, after ordering a change of the grade of the street to correspond with the improvement before made, it enters a sweeping order that all the steps previously taken in respect to said improvement " be hereby declared legal and valid and of the same force and effect as though done prior to and in relation to the ordering of the curbing, guttering and macadamizing of Orleans street." This is within neither the letter nor spirit of the authority given by the statute, and in no manner affected the right of the defendant to rely upon the adjudication relieving him from liability upon the certificate held by the plaintiff.

For the reasons stated, the judgment of the trial court must be reversed. Final decree may be entered in this court at the option of the defendant, or, if he so elect, the cause will be remanded to the trial court for judgment in accordance with the views here expressed.—Reversed.