CAWKER and others, Respondents, vs. CENTRAL BITULITHIC
PAVING COMPANY, imp., Appellant.
SAME, Appellants, vs. SAME, Respondent.

*September 6—October 15, 1907.*

*Municipal corporations: Streets: Special assessments: Validity:
Right of general taxpayer to attack: Preliminary injunction:
Modification on motion to vacate: Pleading: Cross-complaint:
Subject matter: Reassessment for public improvements: Stat-
utes: Retroactive provisions.*

1. General taxpayers, as such, have no interest in the question of
   the validity of special assessments, and are not entitled to an
   order which will prevent the collection of assessments which
   may be voluntarily paid or which the property owners have
   by laches or consent barred themselves from contesting.
2. In an action by general taxpayers to declare void a contract for
   street improvements and enjoin the municipality from paying
   for any portion thereof out of its funds, they are fully protected
   by an order restraining the municipal officers from paying out
   any of its funds upon the contract; and if the order not only
   gives this relief, but also prevents the municipal authorities
   from accepting the work, it is unwarranted, since acceptance of
   the work is in no way essential to the relief demanded.
3. On the hearing of a motion to vacate a preliminary injunction
   the court may modify its previous order by striking out any
   part thereof not warranted by the showing made.
4. A cross-complaint may properly be interposed by a defendant
   when he is entitled to affirmative relief against a codefendant
   or against a codefendant and a plaintiff or other party, and
   such relief involves or affects the contract, transaction, or prop-
   erty which is the subject of the action.
5. In an action by general taxpayers to declare void a contract for
   street improvements and enjoin the municipality from paying
   any portion thereof out of its funds, the defendant, by cross-
   complaint against the municipality, setting forth at length the
   entire proceedings, demanded judgment that, in case the pro-
   ceedings be held invalid, the municipality be required to pro-
   ceed to make a reassessment as provided in secs. 1210*d et seq.*
   Stats. (1898). *Held,* that relief by way of reassessment was
   germane to the subject of the action.

6. In such case, although the original contract for the street improvement was void, the contract does not require validation in order that a reassessment may be valid, since the legislature could in the first instance have provided for the levying of special assessments for the improvement without previous contract, and what the legislature might have originally authorized it may retrospectively validate by providing for a reassessment.

APPEALS from orders of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *One order modified and affirmed; the other affirmed.*

This is an action in equity by the plaintiffs as general taxpayers in the Sixteenth ward of the city of *Milwaukee* against the city, its comptroller, treasurer, and board of public works, and the *Central Bitulithic Paving Company* to declare void a certain alleged contract made by the city with said paving company for laying a patented pavement upon a portion of Clybourn street, and enjoin the city from paying for any portion of such pavement out of city funds. The complaint alleged the same defects and omissions in the making of the contract as were alleged in *Allen v. Milwaukee,* 128 Wis. 678, 106 N. W. 1099. The complaint further alleged that the sum of $10,314.18 of the cost of such pavement was to be paid out of special assessments upon abutting real estate, and the remainder, amounting to $3,881.98, out of the ward funds. It did not allege that the plaintiffs owned any real estate subject to special assessment, nor did it ask any relief against such special assessments, but only sought to cancel the contract and restrain the city officers from paying any portion of the contract price out of the city or ward funds. Upon this complaint a preliminary injunctional order was obtained restraining the board of public works from accepting the work during the pendency of the action, and also restraining the comptroller from countersigning any orders for the payment of any part of the purchase price and the treasurer from paying any such orders. The paving company

moved to vacate this injunctional order, and upon the hearing of the motion it appeared that the work was nearly completed when this action was commenced; that a frontage of about 1,620 feet of private property was specially assessed; that when the work was about one third completed serious doubt arose as to the company's right to continue the work owing to the decision in the *Allen Case,* and thereupon the owners of about sixty-six per cent. of the assessed frontage made a written petition to the board of public works requesting the board to order the company to proceed with the work, and also delivered to the company a written communication or agreement asking it to proceed with the work and agreeing to pay their respective assessments upon completion thereof; that thereupon the board ordered the company to proceed with the work and the company did proceed and completed the same; that a part of the consenting property owners have voluntarily paid to the company their said assessments, but that a part decline to do so until special assessment certificates be issued.   The motion was denied.

The answer of the paving company contained a cross-complaint against the city and its officers, setting forth at length the entire proceedings and praying that, in case the special assessments be held invalid, the city be required to proceed to make a reassessment of benefits and damages as provided by secs. 1210*d et seq.* Stats. (1898).   The plaintiffs demurred generally to the cross-complaint, which demurrer was overruled.   The company appeals from the order refusing to vacate the injunctional order, and the plaintiffs appeal from the order overruling their demurrer.

For the plaintiffs there were briefs by *Ryan, Ogden & Bottum,* and oral argument by *L. M. Ogden.*

For the defendant *Central Bitulithic Paving Company* there were briefs by *Winkler, Flanders, Bottum & Fawsett,* attorneys, and *Arthur Jones,* of counsel, and oral argument by *J. G. Flanders.*

. WINSLOW, J.   1. The discussion of the general principles
involved in actions of this nature which is contained in the
opinion in the companion case brought by these same plaint-
iffs involving the contract for paving Wisconsin street renders
unnecessary any further remarks on that subject here, and
demonstrates that the plaintiffs were entitled to an order
*pendente lite* restraining the paying out of city funds in dis-
charge of the void contract.   The plaintiffs, however, as gen-
eral taxpayers, had no interest in the question of the validity
of the special assessments, and were not entitled to any order
which would prevent the company from collecting assessments
which might be voluntarily paid or assessments which the
property owners had by laches or consent barred themselves
from contesting.   They were fully protected by an order
restraining the city officers from paying out any city or ward
funds upon the contract.   The order in question, however,
not only gives them this relief, but goes further and pre-
vents the board of public works from accepting the work.
This was plainly going too far.   Acceptance of the work was
not in any way essential to the relief demanded by the plaint-
iffs, but was necessarily a prerequisite to the issuance to the
company of special assessment certificates.   So far as the
plaintiffs were concerned, the company was entitled to have
the work accepted if it had fully performed its contract, and
there is no claim that it had not.   That part of the order re-
straining the acceptance of the work was therefore unwar-
ranted; but the plaintiffs now claim that no advantage can be
taken of this, because no motion was made to modify the
order, but only a motion to vacate.   This smacks somewhat
of legal hair-splitting.   To hold that upon a motion to va-
cate the court must deny the motion *in toto,* however unjust
some parts of the injunctional order may be, so long as
any part is right, seems very much like sacrificing substance
to mere legal form and denying justice for the purpose of
ingrafting a sublimated refinement upon Code practice.   We

were not referred to any authorities in support of this contention, nor have we found any cases where it has even been urged—a fact which in itself seems quite significant. In the following cases injunctional orders were, in fact, modified upon motions to vacate or dissolve: *Downing v. Reeves,* 24 Kan. 167; *Edwards v. Perryman,* 18 Ga. 374; *Plunkett v. Dillon,* 3 Del. Ch. 496. We think it clear that the court should have modified the injunctional order by striking out that portion thereof which restrained the board of public works from accepting the work.

2. We think the demurrer to the cross-complaint was properly overruled. A cross-complaint may properly be interposed by a defendant when he is entitled to affirmative relief against a codefendant or against a codefendant and a plaintiff or other party, and such relief involves or affects the contract, transaction, or property which is the subject matter of the action. Sec. 2656a, Stats. (1898); *Kollock v. Scribner,* 98 Wis. 104, 73 N. W. 776. If, under the law providing for reassessment of invalid special assessments, the paving company was entitled to have a reassessment in the event that the assessments already made are held void, it seems clear that such relief does involve in some measure the subject matter of the present action, because by such reassessment the total amount charged against adjoining real estate may be either greater or less than the total amount charged on the first assessment, and thus the balance attempted to be made chargeable against city or ward funds which this action is brought to conserve and protect may by the reassessment be substantially increased or diminished. The size of the fund to be protected is to be determined by the reassessment, and in this aspect of the case relief by way of reassessment seems to be germane to the subject of the action. So the question is whether the defendant has a right under the law to a reassessment. Sec. 1210d, Stats. (Supp. 1906; Laws of 1905, ch. 501), is very sweeping in its terms, and provides that the

city authorities *shall* proceed to make a new assessment when the original assessment is invalid because the work has been done "without authority of law." That seems to cover this case. If these assessments are void it is because there was no authority in the law to cause the work to be done under a contract such as is alleged to have been made.

The argument is made, however, that the reassessment does not and cannot operate to validate the original void contract, and hence that the reassessment will have no legal basis to stand upon any more than the original assessment has. The answer to this objection is that the contract does not require validation (if, indeed, such a thing were possible) in order that a reassessment may be valid. This was quite thoroughly settled in the case of *Mills v. Charlton,* 29 Wis. 400, where a very terse law authorizing the reassessment of special assessments (which were invalid because the contract for the work was void as here) was maintained and enforced notwithstanding the fact that it did not purport or attempt to validate the contract. The principle is that the legislature could in the first instance provide for the levying of special assessments for improvements made without any previous contract, and taxation which the legislature may originally authorize it may retrospectively validate by providing for a reassessment. *May v. Holdridge,* 23 Wis. 93.

If a reassessment be had in this case, attention is called to that part of sec. 1210*d, supra,* which provides that, if the original contract under which the work was done contained *any provision not authorized by law and which tended to increase the contract price,* the city authorities in making the new assessment shall determine the proportion of the contract price justly chargeable against the property for the work and assess the same against such property.

Upon the appeal of the paving company, the order denying the motion to vacate the injunctional order must be modified so as to provide that so much of the injunctional order as re-

strains the board of public works from accepting the work is vacated, and, as so modified, the order must be affirmed. Upon the appeal of the plaintiffs the order overruling their demurrer to the cross-complaint must be affirmed. The paving company will be allowed one bill of costs in this court.

*By the Court.*—It is so ordered.