Wiese v. City of South Omaha.

HENRY N. WIESE ET AL., APPELLANTS, v. CITY OF SOUTH OMAHA ET AL., APPELLEES.

FILED DECEMBER 9, 1916.   No. 18964.

1. **Municipal Corporations: STREET IMPROVEMENTS: VOID ASSESSMENT: RE-ASSESSMENT.** Where a statute provides that, if an assessment for a local improvement shall be declared void on the ground that the proceedings of the city council were "defective, irregular or void, including among other things the want of jurisdiction," the city council may make a new assessment upon lands benefited by the improvement, except where the first assessment was made "for an unauthorized purpose," or there was "an entire and complete want of authority in the council to proceed in the premises." And such new assessment may be made where the first assessment has been adjudged void by the courts on the ground that the ordinance creating the improvement district failed to properly define the limits of the district. Rev. St. 1913, sec. 4748.

2. ———: ———: ———: **STATUTORY PROVISIONS: CONSTITUTIONALITY.** The provisions of the South Omaha charter in 1905 did not authorize the city council to assess lands benefited by a local improvement in excess of the benefits, and was not unconstitutional as taking property without due process of law. Comp. St. 1905, ch. 13, art. II, sec. 128, subds. IV, XVIII.

3. **Statutes: REPEAL AND RE-ENACTMENT.** "It is a settled rule of construction in this state that a simultaneous repeal and re-enactment of a statute or section thereof, in terms or in substance, is a mere

affirmance of the original and not a repeal thereof in the strict or constitutional sense of the word." *Stenberg v. State*, 50 Neb. 127.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed*.

*A. H. Murdock* and *Arthur C. Pancoast*, for appellants.

*John A. Rine, W. C. Lambert* and *Murphy & Winters*, contra.

FAWCETT, J.

This is an action by plaintiffs to enjoin the collection of and to cancel special assessments levied against their property in South Omaha for the grading of a portion of K street. From a judgment dismissing the action, plaintiffs have appealed.

Proceedings were instituted in 1905 for the grading of a portion of K street and assessments were levied against property benefited. In an action by the present plaintiffs and others, the assessment was declared void on the ground that the city council was without jurisdiction to make the assessment since the ordinance creating the improvement district failed to properly define the limits of the district. *Wiese v. City of South Omaha*, 85 Neb. 844. Thereafter the city council passed an ordinance for the creation of an improvement district in which the grading had been done, and another ordinance for the assessment of benefits. The assessment was made under authority of the following statutory provision: "Whenever an assessment for any of the improvements provided for herein or for any local improvement which has been heretofore made, or which hereafter may be made, is void or has been, or may be, declared void, or its enforcement under the laws of this state or the charters of cities of this class is not possible or is refused, or for any other cause the same is void or may be declared void by any court, either directly or by virtue of any decision of such court, the mayor and council of such city shall, by ordinance, order and make a new assessment or re-assessment upon the lots, blocks, land and parcels of lands which have been or will be benefited by such local

improvements, it being the true intent and meaning of
this chapter to make the cost and expense of all local im-
provements payable by the real estate benefited to the ex-
tent of the improvements by the same, either by reason of
the first assessment or re-assessment therefor, and not-
withstanding the proceedings of the mayor and council,
or of any of the officers of the city, may be found to be
defective, irregular or void, including among other things
the want of jurisdiction, and the city council or such
officer to proceed in the premises, as well as other defects,
except where such asssssments may be made for an unau-
thorized purpose, or there is an entire and complete want
of authority in the council to proceed in the premises."
Rev. St. 1913, sec. 4748.

Plaintiffs contend that the section quoted does not au-
thorize a re-assessment under the circumstances of this
case. Does the statute authorize a re-assessment where
the original assessment has been declared void on the
ground that the ordinance creating the improvement dis-
trict failed to properly define the limits thereof? It is the
contention of plaintiffs that in such a case there is an "en-
tire and complete want of authority in the city council to
proceed in the premises," and for that reason a re-assess-
ment was not authorized. In the former opinion it was
held that failure of the ordinance to properly define the
limits of the district rendered the assessment void for want
of jurisdiction. In one sense, want of jurisdiction is "want
of authority in the city council to proceed in the premises."
The statute, however, provides that re-assessments may be
made though the proceedings may be found to be void for
"the want of jurisdiction." Without attempting a defini-
tion, it may be said that the city council did not proceed
with "entire and complete want of authority" merely be-
cause the ordinance creating the improvement district did
not properly define the limits thereof. The proceedings
of the city council were based upon a petition filed with
the city clerk which was signed by owners representing
a majority of the taxable feet front upon the street to be

improved. The city council did not proceed with "entire and complete want of authority" within the meaning of that term as used in the section quoted.

Is the re-assessment statute unconstitutional as contended by plaintiffs? The power of the legislature to authorize a re-assessment, in case the first assessment has been declared invalid for failure to comply with provisions which the legislature might in the first instance have dispensed with, is generally upheld. *Spencer v. Merchant,* 125 U. S. 345; *City of Seattle v. Kelleher,* 195 U. S. 351; *Lombard v. West Chicago Park Commissioners,* 181 U. S. 33; *West Chicago Park Commissioners v. Farber,* 171 Ill. 146; *Mayor & City Council of Baltimore v. Ulman,* 79 Md. 469; *Warren v. Street Commissioners,* 187 Mass. 290; *State v. District Court of Blue Earth County,* 102 Minn. 482; *Jones v. Town of Tonawanda,* 158 N. Y. 438; *Frederick v. City of Seattle,* 13 Wash. 428; *Sanderson v. Herman,* 108 Wis. 662; *Schintgen v. City of La Crosse,* 117 Wis. 158. The first assessment was declared void for failure of the ordinance creating the improvement district to properly define its limits. The legislature might have authorized the city council on its own initiative to improve the street and, after the improvement had been completed, to create an improvement district and provide for the assessment of the property benefited, if notice thereof and opportunity were given to property owners to be heard upon the assessment. *Londoner v. City and County of Denver,* 210 U. S. 373; *Hoopes v. City of Omaha,* 99 Neb. 460. The legislature has provided that by a re-assessment the failure of the city council to comply with dispensable requirements may be corrected. Property owners who have been benefited by an improvement and who have been given an opportunity to be heard upon the assessment of the benefits are not deprived of any constitutional rights by a re-assessment. Plaintiffs contend, however, that the judgment of this court declaring the first assessment void cannot be overruled or annulled by a re-assessment, and cite *McManus v. Hornaday,* 124 Ia. 267. The case may

be distinguished. The first action in Iowa was brought upon a tax certificate issued by the city to the plaintiff. In that suit the court held that the tax certificate was void and uncollectible. Subsequently, the legislature passed an act legalizing the action of the city in making the improvement. A second action was brought "by the same plaintiff against the same defendant upon the same certificate, and for a recovery of the same tax." *McManus v. Hornaday*, 124 Ia. 267, 273. The second suit does not appear to have been based on a new certificate issued after a re-assessment had been made. If this had been done a recovery would have been sustained. *Tuttle v. Polk & Hubbell*, 84 Ia. 12.

It is also contended that the statute under which the improvement was ordered is unconstitutional. Comp. St. 1905, ch. 13, art. II, sec. 128, subds. III, IV. The argument is that the statute provided that the entire cost of the improvement should be assessed against property owners within the district though in excess of the benefits derived from such improvement. *Schneider v. Plum*, 86 Neb. 129; *Cain v. City of Omaha*, 42 Neb. 120. A fair reading of the statute does not sustain this contention. The statute provided that special taxes to cover the cost of the improvement should be assessed on all lots "to the extent of the special benefit to such lots." Comp. St. 1905, ch. 13, art. II, sec. 128, subd. XVIII. Subdivision XXVII declared it to be "the true intent and meaning of this act to make the cost and expense of all local improvements payable by the real estate benefited to the extent of the improvements by the same."

It is further contended that the act of 1905, under which the improvements were made, was repealed in 1907, and that there was no saving clause. The answer to this is: The act of 1907 was, in substance and substantially, in terms a re-enactment of the act of 1905, and hence was not a repeal in the strict or constitutional sense of the word. *Stenberg v. State*, 50 Neb. 127.

AFFIRMED.

ROSE, J., not sitting.