ASSOCIATED DEVELOPERS, INC., Brookings International Life Insurance Company, Brookings Mall, Inc., Dale G. Svennes Construction Company, Inc., Gilbert Erickson and Alene Erickson, First National Bank In Brookings, Four Sisters, Inc., Peter Hauff, Gene R. Hurst and Roger W. Anderson Trust, Robert A. Larkin and Janice M. Larkin, Gust M. Liebelt, Mid-Continent Developers, Inc., Paul E. Moriarty, Homer Osvog, Paul Prussman, Rose Marie Ramey, Harvey A. Schroeder and Alethea M. Schroeder, Robert S. Sexauer, the Sexauer Company, Herald Tunheim and Patricia Tunheim, and Stuart J. Webster and Sharon H. Webster, for themselves and all other parties similarly situated, Plaintiffs and Appellees,

v.

Ronald BJERKE, Douglas Chittick, Manley Dotson, Orrin Juel and Paul Koepsell, as City Commissioners within and for the City of Brookings; and Boyce Smith, as City Finance Officer within and for the City of Brookings, and the City of Brookings, a Municipal Corporation, Defendants and Appellants.

No. 13186.

Supreme Court of South Dakota.

Argued Nov. 24, 1980.

Decided June 24, 1981.

See also S.D., 280 N.W.2d 97; S.D., 305 N.W.2d 848.

James E. Kessler of Erickson & Kessler, P. C., Brookings, for plaintiffs and appellees.

Alan F. Glover of Denholm & Glover, Brookings, for defendants and appellants; Todd D. Boyd, Brookings, on the brief.

WOLLMAN, Chief Justice.

The trial court entered judgment for appellees, declaring street assessments imposed by appellants null and void and ordered appellants to refund any moneys paid under the assessment plus interest. We affirm.

This appeal is the result of action taken by appellants subsequent to our decision in *City of Brookings v. Associated Developers, Inc.*, 280 N.W.2d 97 (S.D.1979) (*Brookings I*).

In 1977, two street improvement projects were completed in the city of Brookings. Although the entire cost of these projects was to be paid with federal and state funds, appellants approved the levy of special assessments against appellee-landowners in

the amount of $180,312.72. Appellees challenged the validity of the special assessments, and in *Brookings I*, this Court affirmed the judgment of the trial court, which had declared the special assessments null and void. We held that although a special benefit was conferred on appellees' property by way of the street improvements, the special assessments were nevertheless void because appellants were not obligated to pay any of the cost of the street improvements and the assessments were not commensurate with any financial commitment of appellants.[1]

Following our decision in *Brookings I*, the city entered into a written agreement with the South Dakota Department of Transportation (department). This agreement purportedly makes the city financially obligated to the department for $180,216.72 as a result of the street improvement projects. Shortly thereafter, appellants commenced a reassessment procedure to collect payment from appellees, the benefited landowners. Appellees then instituted a class action suit, and the trial court entered judgment declaring the reassessment null and void.

Appellants contend that this was a legal reassessment pursuant to SDCL 9–43–20. The crux of appellants' argument, however, turns upon whether the city was committed to a financial obligation prior to the reassessment.

In upholding the validity of a reassessment in *Olson v. City of Watertown*, 57 S.D. 363, 232 N.W. 289 (1930), this Court said, "In the absence of some defense sufficient to prevent payment for the improvement by taxation in any manner, the power to reassess cannot be denied." 57 S.D. at 372, 232 N.W. at 293. One of the defenses mentioned by the Court in *Olson* is a showing by those whom the municipality seeks to assess "that the city is not liable and has made no expenditure for the cost of the improvement, in which case there can be no cause for a tax of any kind . . . ." 57 S.D. at 368, 232 N.W. at 291. We conclude that appellees have made such a showing here.

Examination of the written agreement between the city and the department reveals that the city is not absolutely obligated to pay the department $180,216.72, but rather that it is merely obligated to reimburse the department for any money collected as a result of the reassessment. The agreement provides in part:

3. That the [city] agrees to make assessments on each project and reimburse the [department] in the following approximate amounts for construction and engineering costs on said projects:

. . .

Total                    $180,216.72

4. That the reimbursable special assessment amounts mentioned herein in Paragraph 3 are subject to adjustment to actual assessment amounts.

5. That the [city] pay the [department] the full amount of the total assessments mentioned herein by January 1, 1980.[2]

In *Brookings I*, the city had passed a resolution that showed the city's "clear intent to absolve itself of any liability or responsibility for the cost of the improvements." 280 N.W.2d at 100. In the case at bar, an analysis of the written agreement between the department and the city shows that the city will become financially obligated to the department only when and if the city receives money from the reassessment.[3] This is not a bona fide financial obligation as contemplated and required by

1. In a sequel to *Brookings I*, we recently ruled on the rate of interest that the city is required to pay on the amounts to be repaid to the affected landowners. *Associated Developers, Inc. v. City of Brookings*, 305 N.W.2d 848 (S.D. 1981).

2. The date in this subsection was later amended to January 1, 1981.

3. Although not essential to our interpretation of the legal effect of the agreement, our analysis is supported by the testimony of the city's finance officer.

*Brookings I.* Accordingly, we conclude that the reassessment is void.

Although there may be those who are of the opinion that appellees have unjustly been relieved of the obligation to pay for the special benefit that has been conferred upon them, it was appellants who in the first instance chose to structure the method by which the street project was to be financed. Appellants' after-the-fact attempt to create an obligation where one in fact did not exist may well have been in response to local public sentiment, but this attempt, or any other such attempt, cannot mask the reality of the situation outlined in our opinion in *Brookings I.*

The judgment is affirmed.

All the Justices concur.