## The People on the relation of John M. French v. The Common Council of Lansing.

*Charter of Lansing: Grading contract: Re-assessment.* The authority of the common council of Lansing under the revised charter (*Laws of 1869, Vol. III., page 1359, § 27*) to levy a second assessment, upon the setting aside of the original assessment as invalid, to pay valid claims under a grading contract, is sustained; and the proviso in such charter, that nothing therein shall be construed to repeal or in any manner interfere with the provisions of a special act (*Laws of 1867, Vol. II., p. 680*), providing for a reassessment upon the basis of a new survey and estimate to be made of the amount of work done under such grading contract, does not affect this authority as to obligations arising out of said contract which had become fixed before such special act was passed, and to which therefore it could have no application.

*Heard October 13. Decided October 29.*

Application for *mandamus.*

*John M. French, Jr.,* for relator.

*S. F. Seager,* for respondent.

COOLEY, J.

The validity of the claims held by the relator in this

case was affirmed in the case of *The People ex rel. Whitely v. The Common Council, 27 Mich., 131,* in which demands precisely similar were involved. The failure of the council to provide for meeting these claims is excused by them on the ground of a failure to satisfy themselves that any existing statute gives them power to levy a second assessment in this particular case. In Whitely's case we held that the power to levy assessments to complete the payment of the expense of the improvement was given by the old charter and retained in the new.—*Laws 1869, Vol. 3, p. 1359, § 27.* It is now urged that the special act of *1869, Vol. 2, p. 680,* for the levy of an assessment for this particular improvement, and which has been acted upon and proved insufficient for the purpose, was made by the revised charter their only authority in the premises; the revised charter providing that "nothing in this act shall be construed to repeal or in any manner interfere with the provisions" of the special act.

Whether it was the purpose of this proviso to limit the authority of the common council in respect to further assessments for this particular improvement, may perhaps be gathered from a consideration of the object had in view in the passage of the special act. As we understand it, an assessment for this improvement had previously failed by reason of irregularities and illegalities, and there were charges that excessive estimates of work had been made, and excessive orders issued; and the special act provided: *first,* for a new estimate of work in order to determine the justice of the complaints made; and *second,* an assessment to make the amount that should be found due on such estimate. The provision for the assessment was substantially the same with that incorporated in the revised charter, so that had the revision repealed the special act, it would have affected nothing but the new estimate, the purpose of which was to save the tax-payers from extortion. We cannot think, therefore, that the proviso had any purpose except to save interference with the new estimate, and

as that was held in Whitely's case not to bind the holders of orders, the proviso was really unimportant. There can be no serious doubt, in view of the provisions in the old and revised charters, when examined in connection with the special act of 1869, that the purpose of the legislature has always been to give ample power to the council to provide for such cases; and that purpose appearing, it is not to be defeated by technical constructions.

An order must be entered that the writ of *mandamus* issue, commanding the levy of an assessment under the general provision of the revised charter which has been referred to.

The other Justices concurred.