THAYER LUMBER CO. *v.* CITY OF MUSKEGON.

1. TAXATION—SPECIAL ASSESSMENT—MUNICIPAL CORPORATIONS.

The levy of a special assessment for the construction of a sewer, under the provisions of the charter of the city of Muskegon, permitting a reassessment, when in the opinion of the common council any irregularity should exist, or when a tax should be set aside by any court, correcting the defects for which the tax had been set aside by the Supreme Court, is held to be valid, and in conformity with the charter, although in the new proceeding reference is made to the former maps and diagrams.

2. SAME.

No prejudice to the rights of taxpayers resulted from the fact

that the sewer had been partly constructed at the time of the validating proceedings.

3. SAME—REASSESSMENT.

A clause in the city charter that whenever any special assessment shall in the opinion of the common council be invalid by reason of any irregularity or informality in the proceedings, or if any court of competent jurisdiction shall adjudge such assessments to be illegal, the council shall have power to cause a new assessment to be made, is not open to the interpretation that the illegality to be found by the court must be an irregularity or informality and not a jurisdictional defect.

4. SAME.

A failure to state in the resolution of the common council that the proceedings were for the purpose of reassessing an invalid tax does not affect the tax, when reference is clearly made to the former proceedings.

5. SAME.

A decrease in the proportion assessed against property owners is not a proper ground of complaint for a taxpayer.

6. SAME.

Minor changes concerning the plans and specifications do not warrant the injunction and other relief prayed.

Appeal from Muskegon; Sessions, J. Submitted May 5, 1909. (Docket No. 82.) Decided July 6, 1909.

Bill by the Thayer Lumber Company and the Wood Real Estate Company against the city of Muskegon, the common council of said city, and the board of assessors of Special Sewer District No. 7, to set aside proceedings for the construction of certain sewers. From a decree for complainants, defendants appeal. Reversed, and bill dismissed.

*Nims, Hoyt, Erwin & Vanderwerp*, for complainants.

*James E. Sullivan* and *William Carpenter*, for defendants.

BROOKE, J.   This case is a sequel to the case of *Thayer Lumber Co.* v. *City of Muskegon*, 152 Mich. 59 (115 N. W. 957).   In 1906 the council of the city of Muskegon decided to build an extensive system of sewers in what was afterwards denominated "Special Sewer District No. 7."   This district comprises a large and thickly populated area of the city.   The council adopted plans, plats, specifications, and estimates for a system in this district, and passed resolutions designed to describe them and to form the sewer district, and to let the contract for the construction of the sewer, and the work was partially performed thereunder.   On March 18, 1907, the proceedings had reached the stage that a resolution was adopted fixing the amount to be levied by special assessment, and ordering that it be levied on the district named in the resolution and appointed the board of assessors.   A day was fixed for hearing objections to the same.   Before the arrival of that date, the Thayer Lumber Company, one of the complainants in this suit, filed its bill of complaint in the circuit court to enjoin the confirmation of the roll and to restrain the city from levying any assessment on its lands, for the reason that the council had not followed the charter provisions, and that the assessment roll as reported by the council was therefore void.   The circuit court rendered a decree holding the assessment void because of defects in the resolution adopted October 8, 1906, and of corresponding defects in the notice given by the council of the meeting to be held November 5, 1906, to hear objections.   That decree was affirmed in this court.   See *Thayer Lumber Co.* v. *City of Muskegon, supra.*   On the 28th day of January, 1907, a contract had been entered into between the city and William R. Jones for the construction of the various sewers in District No. 7, for the sum of $48,684.64, and many of the sewers in said district had by said contractor been constructed before the determination of the case in this court.

Section 15, tit. 11, of the charter of the city of Muskegon, is as follows:

"Whenever any special assessment shall, in the opinion of the council, be invalid by reason of any irregularity or informality in the proceedings, or if any court of competent jurisdiction shall adjudge such assessment to be illegal, the council shall, whether the improvement has been made or not, or whether any part of the assessments have been paid or not, have power to cause a new assessment to be made, for the same purpose for which the former assessment was made. All proceedings on such reassessment and for the collection thereof shall be conducted in the same manner as provided for the original assessment. Whenever any sum or any part thereof, levied upon any premises, in the assessment so set aside has been paid, and not refunded, the payment so made shall be applied upon the reassessment, and the reassessment shall to that extent be deemed satisfied." Act No. 344, Local Acts 1901.

On May 18, 1908, the council, acting under the foregoing provision, passed the following resolution:

"Resolved, that the following lands be, and they are hereby constituted, a special sewer district to be known and described as Special Sewer District No. 7. The lands constituting said special sewer district are described as follows: * * *

"It is further resolved, that the construction within said district of the sewers hereinafter mentioned and described, for drainage and sanitary purposes, is a necessary public improvement, and this council determines to make the same and that cost and expense thereof shall be defrayed in the following manner, viz., fifty per cent. of the cost and expense shall be paid from the general sewer fund of said city, and the remainder of such cost and expense shall be defrayed by special assessment on all the taxable lands and premises included within the said district in proportion to the estimated benefits resulting to each parcel respectively from the construction of said sewers.

"It is further resolved, that the estimates of the cost of said sewers, and the plats and diagrams of said district, prepared and revised by J. H. Blomshield, civil engineer, heretofore adopted by the council of the city of Muskegon, and by its authority duly filed with the city recorder

on the 8th day of October, 1906, be and they are hereby modified in the following particulars: (Modifications follow.)

"The said sewers are the same that are covered by a contract heretofore made with William R. Jones and have been partially constructed by him. The route, location, grade and dimensions of all said sewers are shown by the plats and diagrams herein approved and adopted, and in case there shall be any variance between the description thereof in this resolution and the plats and diagrams, the plats and diagrams shall control.

"It is further resolved, that the recorder give notice by publication for at least two successive weeks in the Muskegon News, the official newspaper of said city of Muskegon, of the proposed construction of said sewers, and that the plats and diagrams and estimates of the cost thereof may be found for examination in the office of the city recorder, and that the council will meet in the council room in the said city of Muskegon on the fifth day of June, 1908, at eight o'clock in the afternoon, to consider suggestions and objections with respect to said sewers and to the levying of a special assessment."

On June 5th, 1908, the council met at the time and place mentioned in the notice and adopted the following resolution:

"Whereas, the council of the city of Muskegon did, on the 18th day of May, 1908, by resolution duly adopted, appoint the fifth day of June, 1908, at eight o'clock in the afternoon, as the time when, and the council room in the city of Muskegon as the place where, the council would meet for the purpose of considering suggestions and objections to the construction of sewers mentioned and set forth in said resolution and to consider objections to the levying of a special assessment therefor on the lands embraced in the sewer district created by said resolution and designated Special Sewer District No. 7.

"And whereas, it appears by due proof now before this council that notice of said hearing has been duly given as required by law, and full consideration and hearing of all objections to the construction of said sewers and to the levying of a special assessment on the said special sewer district, to defray the cost and expense thereof, as aforesaid, having been had, and the owners of more than

one-half of the property to be assessed therefor not having objected in writing thereto:

"Therefore, be it resolved, that the construction of said sewers as determined in said resolution be, and the same is hereby, ordered."

Thereupon the complainants herein filed their bill of complaint praying for an injunction against the defendants restraining them from enforcing said special assessment. Upon a hearing the injunction was granted, from which decree the defendants appeal.

It is the claim of the complainants that the proceedings of May 18, 1908, and those following that date, by the common council cannot be sustained as a valid reassessment or as a new and original assessment. The learned circuit judge held in part as follows:

"The resolution of May 18, 1908, contains no provision for plats and diagrams of the sewer district, nor for an estimate of the cost of the sewers except by reference to plats, diagrams, and estimates adopted by the council and filed on the 8th day of October, 1906. The resolution of October 8, 1906, and the notice of the hearing of objections given thereunder were particular objects of attack in the former suit and were specifically decreed by the courts to be void and of no effect. Therefore, no part of that resolution can be used for any purpose in the new proceedings, and the plats, diagrams, and estimates which the council then attempted to adopt cannot form any basis for the subsequent actions of the defendants. The mandatory provision of the city charter requiring, plats, diagrams, and estimates of cost to be made and filed 'before ordering any public improvement' and 'before proceeding to the construction of any sewer,' have not been obeyed. * * * The validity and binding force of the contract for the construction of these sewers, as between the city of Muskegon and the contractor, cannot and need not be determined in this suit, and no opinion is herein expressed upon that subject. But, as between these parties and so far as it forms the basis of levying a special assessment upon the property of these complainants, such contract was an essential and integral part of the former proceedings of the defendants, and to that extent it was declared void by the decree of this court and the Supreme Court. So far

as this case is concerned, those former proceedings are dead, and it is beyond the power of the defendants to put new life into them or any of them."

In the foregoing conclusions we think the learned circuit judge was in error. An examination of the opinion in *Thayer Lumber Co.* v. *City of Muskegon, supra,* shows that,

" In accordance with the views herein expressed a decree will be made in favor of the complainant and against the defendants, setting aside and holding for naught all of the proceedings heretofore taken, and restraining any further proceedings to levy the special assessment in question upon and against the lands of complainant."

This conclusion was reached by this court apparently (1) because the resolution adopted by the council of the city of Muskegon on October 8, 1906, did not designate the district to be covered by said Special Sewer District No. 7; and (2) because the published notice of the meeting of the council of November 5, 1906, to consider objections to the proposed improvement was not sufficient. We are unable to discover where any question has heretofore been raised affecting the plats, diagrams, and estimates or the determination of necessity for the sewer. Nor do we think they are subject to any attack.

Now, referring to the resolution of May 18th:

(1) It designates the lands to be assessed. Section 3, tit. 11, of the city charter.

(2) It determines the proposed sewer to be a necessary public improvement. Section 3, tit. 11.

(3) It refers to estimates, plats, and diagrams of the work and locality to be improved, adopts them, and orders them to be filed with the city recorder. Section 4, tit. 11.

(4) It determines what portion of the expense shall be borne by special assessment, and what shall be borne by the city. Section 3, tit. 11.

(5) It provides the method of making the said assessment. Section 6, tit. 13.

(6) It provides:

"The said sewers are the same that are covered by a contract heretofore made with William R. Jones and have been partially constructed by him. The route, location, grade, and dimensions of all said sewers are shown by the plats and diagrams herein approved and adopted." Section 7, tit. 13.

(7) It provides for notice, which was given in accordance with section 7, tit. 13; and thereafter, on June 5th, by the resolution above quoted, ordered the sewer to be built.

We are unable to see how the rights of the complainants were in any wise prejudiced by the fact that the sewer had partially been constructed under a contract with Jones prior to this time. See *Brevoort* v. *City of Detroit*, 24 Mich. 322. At the time and place set by the council for the hearing of objections the property owners in the special district could have compelled the council to forego making the improvement at their expense if the owners of more than one-half of the property to be assessed therefor should object in writing thereto (section 4, tit. 11). Had this course been taken no special assessment could have been made, and the cost of the sewers already constructed must have been borne by the city at large, if the contract theretofore existing between it and Jones were valid.

Counsel for complainants lay much stress upon the charter provisions with reference to reassessments, which are as follows:

" Whenever any special assessment shall, in the opinion of the council, be invalid by reason of any irregularity or informality in the proceedings, or if any court of competent jurisdiction shall adjudge such assessment to be illegal, the council shall  *  *  *  have power to cause a new assessment to be made." Section 15, tit. 11.

It is the claim of counsel for the complainants that the words " by reason of any irregularity or informality in the proceedings " should be construed as qualifying the subsequent portion of the phrase " or if any court of competent

jurisdiction shall adjudge such assessment to be illegal."
This construction would make the last provision read:

"If any court of competent jurisdiction shall adjudge such assessment to be illegal by reason of any irregularity or informality in the proceedings."

This construction is clearly unwarranted and would exclude a reassessment, if the illegality of the assessment rested upon jurisdictional grounds. The use of the disjunctive "or" shows that there are two distinct classes of cases in which reassessment may be had: *First*, where, in the opinion of the council, the assessment is invalid by reason of any irregularity or informality in the proceedings; and, *second*, where any court of competent jurisdiction shall adjudge such assessment to be illegal. In the last case it is not necessary to add the words "for any reason;" the language itself is unqualified.

The assessment in the case at bar was in the former adjudication held to be illegal. It was therefore a proper case for reassessment. See *Schintgen* v. *City of La Crosse*, 117 Wis. 158 (94 N. W. 84). We do not think that the failure of the council to set up in its resolution the fact that it was a reassessment is fatal. It did, by reference in the resolution to the former plans and specifications and the contract with Jones, clearly indicate that by the proceedings then undertaken it sought to make valid, by due notice and proper description, the assessment which had by this court been declared invalid. The fact that by the terms of the resolution the special assessment was reduced from 75 per cent. to 50 per cent. is a matter of no consequence, and is one of which these complainants cannot in any event complain. The changes made in the resolution as to the plans and specifications were of small consequence compared with the magnitude of the whole work, and should not be considered.

As the case is now presented to this court, the determination of this court in the case of *Townsend* v. *City of Manistee*, 88 Mich. 408 (50 N. W. 321), is controlling.

See, also, *French* v. *Common Council of Lansing*, 30 Mich. 378; *Smith* v. *City of Detroit*, 120 Mich. 572 (79 N. W. 808); *Corliss* v. *Village of Highland Park*, 132 Mich. 152, 159 (93 N. W. 254, 610, 95 N. W. 416).

The decree of the court below will be reversed, and the bill dismissed.

BLAIR, C. J., and MONTGOMERY, HOOKER, and MC-ALVAY, JJ., concurred.