Argued October 28, reversed December 14, 1915, rehearing denied
January 4, 1916.

# BIRNIE *v.* LA GRANDE.

## (153 Pac. 415.)

**Municipal Corporations—Validity of Street Assessment on Nonabutting Property.**

1. The illegal assessment for a street improvement that includes
a levy against a nonabutting lot does not render void a valid assessment against property otherwise legally liable.

**Evidence—When Courts will Take Judicial Notice of City Charter.**

2. A municipal charter enacted by legal voters of a city is in its
nature the result of a special election, and, unless pleaded, courts cannot take judicial notice thereof in the absence of statutory authority
so to do.

[As to judicial notice of municipal ordinances, see note in **Ann.
Cas.** 1914C, 1232.]

**Municipal Corporations—Validity of Reassessment for Street Improvement.**

3. Under City Charter of La Grande, 1909, Section 35, paragraph
9, the city is required to give notice of any proposed street improvement to the owners affected, and having omitted to give such
notice, the assessments were held invalid, and any subsequent reassessment under the provisions of said section was also invalid, for the
reason that the notice required by the charter was a condition precedent to securing jurisdiction to make the improvement.

**Municipal Corporations — Initiative Petition — Effect of Adopting
Charter by Commissioners.**

4. By Article XI, Section 2, of the Constitution of Oregon, the legal
voters of every city and town are granted authority to adopt, amend
or repeal their municipal charter, subject only to the Constitution and
criminal laws of the state, and where by an initiative petition of the
legal voters of the city of La Grande a new charter was presented
to the city recorder demanding that it be submitted to a vote at an
election to be held later, the act of the commissioners passing an
ordinance adopting such charter is not an enactment of such charter,
but amounts only to an approval thereof, for the reason that Section
3482, L. O. L., does not provide that the ordination of a city charter
or an amendment thereto would have the effect of enacting the same
into a law, but it is in the nature of a recommendation approving
such charter or amendment, thereby signifying that no competing
amendment as provided in said section was necessary.

**Constitutional Law—Power to Delegate Adoption of Charter to Council or Commissioners.**

5. Under the Constitution of Oregon the legislature does not possess power to authorize a city council or commissioners to either adopt

or amend city charters by ordinance, as that authority belongs to the legal voters of every city and town within the state. (Section 2, Article XI, Const.)

From Union: JOHN W. KNOWLES, Judge.

This is a proceeding by the City of La Grande, Lee Warnick, City Recorder, J. H. McLachlin, Ex-Chief of Police, C. B. Orai, Chief of Police, and Mac Wood, John C. Gardner and J. A. Russell, City Commission-·ers, and F. J. Lafky, City Manager, to assess certain property within the corporate limits for street improvements. From a judgment of the Circuit Court dismissing a writ of review, the plaintiffs, George S. Birnie, Wm. C. Hanson, M. McMurray, W. Lane, C. W. Bearden, A. J. Martin, R. S. Clapp, Manuel Snider, Edward Burke, J. D. Heidenreich, G. Wagoner, O. W. Moon, M. C. Baker, Irene King, H. L. Underwood, Wm. Miller, E. W. Eastman, Joseph Horstman and Carrie L. Hibbard appeal.     REVERSED. WRIT SUSTAINED.

For appellants there was a brief over the names of *Mr. Turner Oliver* and *Mr. Joel H. Richardson,* with an oral argument by *Mr. Oliver.*

For respondents there was a brief over the names of *Mr. James D. Slater* and *Mr. J. P. Rusk,* with an oral argument by *Mr. Slater.*

In Banc.    MR. JUSTICE BEAN delivered the opinion of the court.

In April, 1912, the council of the City of La Grande proceeded to create an improvement district, and passed a resolution of intention to improve Fourth Street from the south line of O Avenue to the north line of C Avenue by paving, and attempted to give notice thereof. An ordinance was passed, the contract

let, and proceedings were taken for assessing the cost of the work against the property in the district, declared to be benefited. The construction was completed and the final assessment made against the premises. The city, however, failed to give the preliminary notice to the property owners as required by the charter. For that reason the assessment was set aside by a judgment of the Circuit Court which has become final. Several other attempts were made by the city to make a reassessment for the improvement. The one sought to be reviewed in this proceeding was made in 1914.

1. The petition asserts as error that the officers of the city had no power under paragraph 37, Section 35, of the charter to include in the improvement district property which was not contiguous to nor abutting upon the street to be improved; yet it is not alleged that any of the realty of either of the plaintiffs belongs to that class.

It may be conceded for the purpose of this case that, if the charter of a city limits the property which can be charged for the expense of street improvements to that which is contiguous to or abutting or fronting upon the street to be improved, the city authorities are not authorized to levy an assessment upon property not embraced within such a description, or nonabutting property, and that an assessment on a lot not so abutting is void: 5 McQuillin, Mun. Corp., §§ 2058, 2059; Page & Jones, Taxation by Assessment, § 620 et seq. It does not necessarily follow, however, that if, perchance, a lot not so abutting should by mistake or otherwise be included in an assessment, the levy would be void as to the contiguous property; in other words, the party whose realty is not benefited should complain, if anyone, and not those who are uninjured: Section 605,

L. O. L. Section 604, L. O. L., relating to a petition for writ, of review, requires the same to set forth the errors alleged to have been committed.

The principal question raised in this case by the petition and the return to the writ is in regard to the power of the city to make the reassessment for the cost of such improvement. The petition shows that on June 22, 1909, under and by virtue of Article XI, Section 2, of the Constitution, the City of La Grande adopted a charter, and sets forth the provisions relating to the improvement of streets and making of assessments for the cost thereof, among which is the following: By Section 35 of the 1909 charter the city is empowered by paragraph 37 thereof to levy special assessments for the improvement of streets "upon property which is especially benefited by any such improvement, that is contiguous to or abutting or fronting upon the highway, street, alley, lane or sidewalk to be graded, paved, planked, graveled, curbed, macadamized or otherwise improved or beautified."

Paragraph 9 of that section reads as follows:

"The manner in which all special assessments for any of the purposes provided for in subdivisions 27, 37 and 38 of this section shall be made as follows. The council shall appoint three commissioners to consist of its own members, which said commissioners shall make an examination of all property upon which said assessments are to be levied as to the valuation and extent, if any, of the benefit to be derived by said property by reason of said improvements. Said commissioners shall then make their report in writing to the council. After receiving said report the council shall, before the levy of any special assessment for any improvement, give personal notice for ten days, or in the absence of any property owner, agent or person in charge of said property, by publication in a daily newspaper in said city for a period of ten days to either the owner, agent

or person in charge of said property against which said assessment is to be made of its intention to levy said special assessments, naming the purpose for which special assessments are to be levied, a description of the improvements so proposed, the boundaries of the district to be affected or benefited by such improvements, the estimated cost of such improvement, and designate a time when the council will meet and consider the proposed levy and the granting to any person feeling aggrieved, a hearing before said council. After a compliance with this subdivision the council shall be deemed to have acquired jurisdiction to order the making of such improvements. * * If any assessment is set aside by order of any court, the council may cause a new one to be made in like manner for the same purpose for the collection of the amount so assessed. * * ''

This paragraph also provides for a lien against the property so taxed.

2. The petition shows that at an election duly and regularly called in the City of La Grande October 1, 1913, the legal voters thereof amended the charter, changing the municipal government to the commission form, and proceeded in December of that year to elect three commissioners in conformity with the newly amended charter. No mayor was elected, but the three persons chosen have since been acting as commissioners for the city and exercising all the rights and powers formerly exercised by the council of that city under and by virtue of its charter adopted by the legal voters on June 22, 1909. The return to the writ shows the adoption of the charter of the City of La Grande on October 1, 1913, substantially as alleged in the petition. It recites that since the time of the former proceedings the city has adopted a new charter establishing the commission managerial form of government, which provides that all rights, privileges and immunities held and enjoyed by the city, and the taking effect thereof,

shall pass to and be retained and enjoyed by the municipality under the new charter, and that all assessments set aside by the court may be reassessed. All through the long record it appears that the commission acted by virtue of the authority of the charter of 1909. Thus far it appears from the petition and the return to the writ that by the amendment to the charter of 1913 only the form of the city government was changed, and that the authority for making street improvements and assessing the cost thereof upon the property remained the same as under the 1909 charter. No other change in the charter is pleaded or suggested by the return. A municipal charter enacted by legal voters of a city may be termed the result of a special local election, and, unless pleaded, courts of record cannot take judicial notice thereof in the absence of statutory authority so to do: *Mayhew* v. *Eugene,* 56 Or. 110 (104 Pac. 727, Ann. Cas. 1912C, 33, and cases cited). We will therefore consider the city charter only in so far as pleaded and shown by the return. There is another proposed charter of La Grande which we will mention hereafter.

3. The petition alleges, in effect, that the commissioners of the City of La Grande had no jurisdiction or authority by virtue of the charter to make the attempted reassessment in 1914 after the improvement was made, and that the proceedings thereof were without due process of law and void, as the city officers had not given the required notice in order to obtain jurisdiction in the premises in the first instance before the work of construction was performed. It appears in the 1914 proceedings that the city recorder was directed to prepare notices to real property owners in the improvement district to show cause why such improvement should not be made and assessed; that the notice was prepared and

served upon all but five of the parties named as property owners after the improvement was constructed.

The matter of the power of the officials of the City of La Grande to make a reassessment for the costs of improvements after the same have been constructed, when the city did not obtain jurisdiction in the first instance to levy an assessment for the cost of such improvements upon the property of the district, was decided in the case of *Murray* v. *City of La Grande,* 76 Or. 598 (149 Pac. 1019), which opinion was rendered since the judgment in the present case. The holding there was, in effect, that where a street improvement assessment was invalid because the notice thereof to property owners, made a jurisdictional prerequisite by the charter, was defective, no subsequent reassessment of the cost of the improvement under the provisions of the charter was valid, since the giving of notice in the terms described by the charter, which was the organic law under which the city acted, was a condition precedent to securing jurisdiction to make an improvement, and to cure the invalidity in the proceedings it was necessary that they be had *de novo,* with valid notice and compliance with the charter in all respects to give jurisdiction. The court also held that in proceedings of such a character the charter plainly contemplates street work to be done in the future, and that, when the improvement is already made, it is impossible to make a reassessment "in like manner for the same purpose" as required by the reassessment clause above quoted. In the opinion Mr. Justice BURNETT clearly points out the powers and privileges of the city in proceedings of this character. Following that case the proceedings for the reassessment under consideration were without authority and void.

4. The record shows that prior to July 16, 1914, an initiative petition, signed by a large number of the legal voters of La Grande, was presented to the City Recorder, demanding that a new charter therewith tendered should be submitted to the legal voters of the city for their approval or rejection at an election to be held in September or October, 1914; that on July 16, 1914, at a meeting of the commissioners, two of them read the charter, and on July 29th pretended to pass an ordinance (No. 786, Series of 1914) adopting such charter for the City of La Grande, and pretended to repeal those of October 1, 1913, and June 22, 1909, but that this charter was not presented to the legal voters of the city for their approval or rejection, as provided by Article XI, Section 2, of the Constitution of Oregon, and by Section 3482, L. O. L.; that the charter so approved by the commissioners purported to continue in force Section 35 of the charter of 1909 as to any improvements contracted for or initiated under its provisions until the final completion thereof. By Article XI, Section 2, of the Constitution, the legal voters of every city and town are granted power to amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon. This power of enactment or amendment was only extended to the legal voters of a municipality. The passage of an ordinance by the commissioners adopting the charter amounts to an approval or recommendation thereof only, and is not an enactment of such charter. Section 3482, L. O. L., which directs the manner of city legislation in the absence of municipal provisions therefor, provides that, when an ordinance, charter or amendment to the charter of any city shall be proposed by initiative petition and transmitted to the city council, that body shall either ordain or reject the same as proposed within 30

days thereafter; and, if the council reject such pro-
posed ordinance or amendment, or take no action
thereon, then the same shall be submitted to the voters
of the city or town at the next ensuing election. This
section reads in part as follows:

"The council may ordain said ordinance or amend-
ment and refer it to the people, or it may ordain such
ordinance without referring it to the people, and in
that case it shall be subject to referendum petition in
like manner as other ordinances. * * Amendments to
to any city charter may be proposed and submitted to
the people by the city council, with or without an initi-
ative petition, but the same shall be filed with the city
clerk for submission not less than sixty days before the
election at which they are to be voted upon, and no
amendment of a city charter shall be effective until it
is approved by a majority of the votes cast thereon by
the people of the city or town to which it applies."

This section does not indicate that the ordination of
a municipal charter or an amendment thereto would
have the force of an enactment of the same into a law,
but rather that it is in the nature of an approval or
recommendation thereof, signifying that no competing
amendment was necessary, as further provided for in
this section.

5. Neither would the legislature have the power un-
der the Constitution to confer such authority upon a
city council or commission: See *State* v. *Dalles City,* 72
Or. 337 (143 Pac. 1127). The charter of the City of
Forest Grove, in question in *Haines* v. *City of Forest
Grove,* 54 Or. 443 (103 Pac. 775), was submitted to the
legal voters of that city; but that case is not authority
for the enactment of a city charter by a municipal coun-
cil or commission. In the present instance it is there-
fore unnecessary to examine the provisions of the char-
ter proposed in 1914 before it is enacted. It is only

fair to say that the learned city attorney questions the validity of the attempted enactment of the charter by the commissioners.

It appearing from the return to the writ that the authority contained in the former charter for making a reassessment, which has been continued in force, was not extensive enough to sanction the reassessment in question in this case, the judgment of the lower court is reversed, and the writ sustained.

                    REVERSED.   WRIT SUSTAINED.