**CITY OF NEW CORDELL et al. v. MANSELL et al.**

No. 19131.   Opinion Filed March 31, 1931.

LeRoy Jones, City Atty., G. A. Paul, Massingale & Duff, J. T. Bailey, and Billups & Billups, for plaintiffs in error.

A. J. Welch, for defendants in error.

KORNEGAY, J.  This is a proceeding in error from the district court of Washita county, Okla.; Honorable E. L. Mitchel being the trial judge. This is the second time it has come to this court. It started in May, 1925. The purpose of the suit was to enjoin the levying of taxation on the property of the plaintiffs in the town of Cordell for the purpose of putting in a pavement.

The petition was filed by the taxpayers against the city officials on the 1st of May, 1925. The proposed contractor, H. Baldwin, was made a party defendant. It appears from the petition that on the 19th of January, 1925, a resolution was passed by the council of Cordell declaring it necessary to pave certain streets in the town, and that an advertisement was made of this and protests were made, and the outcome of it was that practically all of the project was abandoned except two strips of Main street, one west of the courthouse square and one east of it.

The contract between the city and Baldwin was attacked and it appears that before anything was done under it, the contractor was warned that the proceedings were illegal and that an attempt had been made to enjoin the council from passing an ordinance for assessing the property for the improvement.

The matter came up for hearing on the 13th of July in the district court, parties appearing by attorneys. The officers of the town were put on the witness stand by the plaintiffs, and after various objections, most of which were sustained, the resolution and some of the protests were admitted. The facts, however, were simple, it being just an ordinary case of the town council thinking they wanted to pave the streets at the expense of the abutting property owners, and the property owners objecting to it. However, the plaintiffs finally concluded after a great deal of trouble in getting the evidence before the court, there being no jury, and thereupon the court, after listening to the arguments at the conclusion of the plaintiffs' case, sustained a demurrer to the evidence. The record of that matter can be found at page 132 of the case-made, and defendants asked the court to dismiss the case at the cost of the plaintiffs. This was done, and the plaintiffs filed a motion for a new trial and brought the case to this court.

This court took the matter up evidently after it was thoroughly briefed by the opposing counsel, and rendered an opinion in the case, the case number here being 16910 on the former appeal, and in the opinion the

court held as announced in the syllabus of the opinion as follows (120 Okla. 187, 250 Pac. 920) :

"1. Under the provisions of section 5, chapter 173, Session Laws 1923, upon the approval of plans, profiles, specifications and estimates of the engineer, the governing body of a city or incorporated town must declare by resolution that the work of improvement is necessary to be done, and cause said resolution to be published for six consecutive issues in a daily newspaper or in two issues of a weekly newspaper published in said city; such resolution must describe the improvements to be made, the extent and nature thereof in such terms as to enable the property owners affected to intelligently protest or acquiesce in the same.

"2. A resolution of the governing body of a city or incorporated town expressing its determination to proceed with the improvement authorized by the resolution of necessity must conform in respect to extent and character to the improvements proposed in the resolution of necessity.

'3. The provisions of section 5, chapter 173, of the Acts of the Legislature of 1923, that : 'Any number of streets, avenues, lanes, alleys or other public places or parts thereof, to be improved, may be included in one resolution,' does not authorize the governing body of a city or town, after the adoption of a resolution of necessity designating a specific street or streets as one improvement, to afterwards change such resolution of necessity by striking therefrom a material part of the improvement proposed to be made.

"4. Where, pending a suit to enjoin the' illegal levy of a special tax against adjacent property owners for public improvements, the governing body of a city or incorporated town completes the improvements and issues bonds therefor, pending an appeal to this court, such action does not render the proceedings moot."

The syllabus is sustained by the body of the opinion.

In accordance with the finding of this court, the case went back and the same judge took charge of it where he had left off. The mandate was spread of record. The plaintiffs insisted that the mandate and the decision were such that all that was left for the court to do was to render a judgment in accordance with it, but the court declined to do this. But it did enter an order overruling the demurrer to the evidence and heard further testimony concerning the matter, this testimony being introduced by the defendants.

There was considerable sparring between the counsel, but they finally did introduce some additional evidence over the objections of the plaintiffs, but this evidence had to do with the title of the protestants on whose protest the town council had taken out a part of the original project.

There was introduced a quitclaim deed for a part of the courthouse property that had been dedicated for courthouse purposes, but it was necessary to have a street along by the courthouse and the counsel advised the town council to get some quitclaims and this was done.

The counsel for the plaintiffs insisted that, under the unverified general denial, the allegations concerning the execution of deeds, titles, etc., could not be attacked and insisted that the defendants should name the individual protest that would be attacked. Counsel for the defendants offered to prove that there was some mistake in the tabulations of the areas on which the protests had been sustained, and as a result of which the project was changed.

It developed that the engineer for the project resided in Oklahoma City, and it further developed that there had been a lot more paving done in town after the injunction had been passed than before. A great deal of the evidence was admitted over objection and exception. It also developed that a special act of the Legislature had been made to help out the situation.

There was some argument about jurisdiction. An effort was made to establish that the protest of one of the parties should be disallowed because he and his wife were joint owners of the property and by disallowing this it would make it so that there was not enough protestants. There was an effort made to establish why the town council had left out from the original project a part in the middle, and had sought to pave the ends.

Finally the court ruled this out and rejected the offer to prove the same condition by the other members of the council. The defendants then rested and the plaintiffs introduced some proof to contradict the effort on the part of the defendants to prove the protests were insufficient. It was related by someone that the reason for cutting out the block embracing the courthouse square was on account of the title, but they were advised by the counsel that they could go on and pave the ends anyway.

Upon the conclusion of all the evidence the court rendered a decision for the plaintiffs and granted the plaintiffs a perpetual injunction. The defendants below, now the

plaintiffs in error, filed a motion for a new trial and on motion of plaintiffs the court made the injunction apply to all the situation of the plaintiffs.

Execution was ordered for the cost of this court on the former appeal. Appeal notice was given and a supersedeas bond in the sum of $100 against the cost was required. The supersedeas bond is not in the case-made.

We are called upon now to review the action of the lower court and briefs have been filed and counter briefs on the proposition as to how far-reaching our former decision is. An inspection of that decision shows that it was founded on the failure of the town council to keep intact the original improvement as proposed and upon its exclusion from the project the middle block on Main street. The court held that under those conditions the town council had no right to cause the ends to be paved.

In accordance with that decision the injunction in this case has gone at this time. Regardless of the doctoring of the law of the case, we think that the decision was right and that the rights of the parties are to be determined by the state of things when this injunction suit was filed. We think that the lower court did right in granting the injunction, and we think that the court did right in letting other parties who were in the same situation as the plaintiffs get the benefit of the injunction. The court left it to the judgment of the lot owners as to what they would do as to reimbursing the contractor in the event he had put in the paving. No legal hardship, however, would accrue to the contractor, because of the fact that he was well advised when he went into the matter.

The cost of the proceeding should be paid by the defendants below. The case is therefore affirmed with cost.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.