## CITY OF NEW CORDELL et al. v. MANSELL et al.

No. 24206. Oct. 9, 1934.

A. M. Beets, Massingale, Duff & Bailey, Jess C. Wesner, and A. R. Ash, for plaintiffs in error.

A. J. Welch. for defendants in error.

OSBORN, J. This action was commenced in the district court of Washita county by R. J. Mansell et al., as plaintiffs, against the city of New Cordell and the various officials thereof, as defendants, by filing an application for a citation upon the defendants requiring them to show cause why they should not be punished for contempt for violation of a perpetual injunction theretofore issued in the same cause. The issues were joined, the cause tried to the court, and a judgment entered finding that defendants were guilty of contempt and assessing a fine of $1 each against the various defendants, from which ruling they have appealed.

In order to set out the issues in their entirety as involved herein, it is necessary to review the history of this litigation, which includes two prior opinions of this court.

On January 19, 1925, the governing body of the city of New Cordell passed a resolution of necessity and adopted plans, specifications, and estimates for the paving of certain streets in said city. Notice was duly given and the owners of more than 50 per cent. of the area liable to assessment to pay for the improvements filed their protests in writing. Thereafter the council met and considered the protests, and on March 6, 1925, passed a new resolution and entered into a contract with one J. H. Baldwin to pave only a portion of the streets involved in the original project.

The original resolution called for the paving of Main street, which is a continuous thoroughfare through the city east and west. It was proposed to pave Main street from the east line of the St. Louis & San Francisco Railway's right of way on west continuously to the west line of East street, being a distance of five blocks, and College street on the west of the courthouse square, a distance of two blocks, and Market street on the east side of the courthouse square, a distance of two and one-half blocks. After the protests were filed the city council "dropped from street improvement No. 1" all of Market street and north and south Main streets (being that portion of Main street adjacent to the courthouse square), for the reason that sufficient protests had been filed against the paving of said streets. It appears that the courthouse square was approximately in the center of the district, and as originally contemplated the courthouse square would have been paved as well as the two streets immediately east and west of the courthouse square, so that property owners from any part of the district could drive to any other point in the district over a paved street.

When the new resolution was adopted by the council and the improvement of the various portions of the district dropped, there remained only approximately four blocks to be paved, approximately two blocks of Main street east of the courthouse square and approximately two blocks west of the courthouse square.

On May 1, 1925, this plaintiff commenced an action in the district court of Washita county to enjoin the council and Baldwin from carrying out a contract entered into for the paving of these two isolated sections of Main street. The cause was tried and a demurrer sustained to the evidence and the petition dismissed. The cause was appealed to this court, where the judgment of the trial court was reversed, with directions to set aside the judgment of dismissal and to overrule the demurrer to plaintiff's evidence and to proceed with the case. Mansell v. City of New Cordell, 120 Okla. 187, 250 P. 920. Pending a determination of the appeal, the improvements were completed, bonds were issued and delivered to Baldwin, and special assessments levied against the property to pay said bonds. It was therein contended by defendants that the question presented in the appeal thereby became moot, but such contention was decided against defendants, and it was held that plaintiffs were entitled to an injunction preventing defendants from subjecting their property to the payment of assessments.

The cause was reversed and remanded to the district court, and additional evidence introduced, after which an injunction was granted which, in part, provides:

"It is, therefore, ordered, adjudged, and decreed by the court that the plaintiffs R. J. Mansell, O. D. Chedester, J. R. Griffin, G. W. Miller, Will Simpson, S. L. Hogue, N. Boatright, Jake Pankratz, and all other persons owning property located in said paving district No. 1, be, and they are, hereby granted a perpetual injunction enjoining and

restraining each and all of the defendants, namely, the city of New Cordell, Carl Copeland, Ora Brown, D. H. Dean, R. B. Whatley, L. H. Lanier, F. G. Kleiver, C. L. Clanton, L. C. Ledbetter, E. N. Sasseen, Roy Ware, and J. H. Baldwin, and their successors in office, from taking any steps whatsoever, official or otherwise, tending to make any collection of any special assessment for the costs of the paving in said district No. 1 of the city of Cordell, against any of the property with or adjacent to the paving in said district, except from such of those persons as may voluntarily and willingly offer to pay the same; or from certifying any pretended annual assessment against any of said property to the county treasurer of said county; or from taking any other steps tending to enforce the collection of special tax assessments against any of said property, and that plaintiffs be, and they are, hereby granted full and complete relief against the said defendants and their successors as prayed for in the petition; and that the costs of this action, including the costs which accrued in the Supreme Court and were by that court taxed against the defendants and certified to this court in the mandate, are hereby taxed against the defendants."

The cause was again appealed to this court and the judgment of the trial court affirmed. City of New Cordell v. Mansell, 148 Okla. 85, 297 P. 282.

On March 21, 1932, pursuant to a demand made upon the city council by the holders of the bonds, a resolution was adopted by the council whereby it was determined to make a reassessment against the property of plaintiffs herein on the basis of the benefits received to pay the outstanding bonds pursuant to provisions of section 4619, C. O. S. 1921, and section 30, chapter 173, Session Laws 1923. Defendants contend that, since they are proceeding under said authority, they are not violating the injunction above referred to, and that the trial court erred in finding them guilty of contempt. Section 4551, C. O. S. 1921 (section 6384, O. S. 1931), provides:

"In case the corporate authorities of any city have attempted to levy any assessment for improvements, which assessment may have been informal, illegal or void, for want of sufficient authority or other cause, the council of such city shall re-assess any such assessment in the manner provided in this chapter."

Section 30, chapter 173, Session Laws 1923 (section 6241, O. S. 1931), in part, provides:

"* * * And provided further, that in the event any special assessment shall be found to be invalid or insufficient, in whole or in part, for any reason whatever, the governing body may at any time in such manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied which shall have like force and effect as an original assessment."

We are therefore called upon to determine whether, under the facts in this case, there is sufficient authority granted by the above statutes to make a reassessment against the property of plaintiffs to pay the outstanding bonds issued under the conditions above set forth.

It appears that other states have statutes similar to those above quoted, and similar problems have arisen in many jurisdictions. Defendants quote at length from the decisions of other states, relying upon the following cases: City of Emporia v. Norton, 13 Kan. 569; City of Emporia v. Bates, 16 Kan. 495; Shepherd v. Kansas City (Kan.) 105 P. 531; Tuttle v. Polk (Iowa) 50 N. W. 38; Wagoner v. City of La Grande (Ore.) 173 P. 305; State v. District Court of Ramsey County (Minn.) 104 N. W. 553; State v. District Court, 90 Minn. 294, 96 N. W. 737; State v. District Court of Blue Earth County, 89 Minn. 482, 113 N. W. 697, 114 N. W. 654; City of Chicago v. Gage (Ill.) 82 N. E. 663; City of Chester v. Black, 132 Pa. 568, 6 L. R. A. 802; Phipps v. City of Medford (Ore.) 156 P. 787; Getty v. City of Syracuse (Kan.) 281 P. 883; Cowart v. Union Paving Co. (Cal.) 14 P. (2d) 764.

It would serve no useful purpose to discuss the rules announced in the various cases, since each case is based upon a particular statute. Suffice it to say that some of the cases hold, under statutes similar to ours, that although the governing body of a city is without jurisdiction in the first instance to make an original assessment, under some circumstances and conditions it is vested with jurisdiction and authority to make a reassessment of benefits at a later date. A reading of the cases indicates that the various courts are influenced in a large degree by moral considerations. Both the Legislatures and the courts have attempted to prevent citizens from profiting at the expense of contractors and bondholders. We shall notice this phase of the instant case later.

The above rule is not supported by the greater weight of authority. This court has declined to follow it. In the case of City of Enid v. Gensman, 76 Okla. 90, 181 P. 308, it developed that certain streets in the city of Enid had been paved. A resolution of necessity had been passed by the council,

but it was not published. After the paving had been laid, the property owners obtained an injunction against the city treasurer from collecting any taxes under the assessments laid against their property. Thereafter the city passed a reassessing ordinance, and the trial court enjoined the collection of assessments laid under the reassessing ordinance. The city appealed to this court and the cause was affirmed.

It is argued by defendants that said case is not controlling herein, since the statutes have been substantially changed. Section 451 of Wilson's Rev. & Ann. St. 1903, provides:

"Provided, further, that in the event any special assessment shall be set aside or be invalid in whole or in part, the city council may at any time, in the manner herein provided for an original assessment, proceed to cause a new assessment to be made, which shall have like force and effect as an original assessment."

There is no difference in the wording in section 576, R. L. 1910, section 4551, C. O. S. 1921, and section 6384 O. S. 1931.

Section 644, R. L. 1910, provides in part:

"That in the event any special assessment shall be found to be invalid or insufficient in whole or in part, for any reason whatsoever, the city council may, at any time, in the manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied, which shall have like force and effect as an original assessment."

There is no substantial difference between this statute and the above-quoted provision of section 30, chap. 173, S. L. 1923 (sec. 6241, O. S. 1931).

Defendants point out that the words, "for any reason whatever," were not included in the statute upon which the case of City of Enid v. Gensman, supra, was based, and that, by the inclusion of said language, the statute is made as broad as it could be made, and includes a case where the governing body of the city was without jurisdiction to levy an original assessment. The quoted language, however, does not constitute the pivotal point upon which the question turns, and we must give meaning to the language, "the city council may, at any time, in the manner provided for levying an original assessment, proceed to cause a new assessment to be made and levied, which shall have like force and effect as an original assessment." It has been heretofore pointed out that in levying an original assessment, the governing body must have jurisdiction to make such assessment, and that if an orig-

inal assessment can have no force or effect by reason of lack of jurisdiction, and since the statute does not purport to give the reassessment any greater force and effect than the original assessment, it is likewise invalid and ineffectual. City of Enid v. Gensman, supra.

In the case of Murray v. City of Le Grande, 76 Ore. 598, 149 P. 1019, the court was concerned with a problem similar to that presented here. Certain paving was laid and it developed that the city council had never acquired jurisdiction in the manner provided by law. The court enjoined the collection of assessments and thereafter the council attempted to make a reassessment under an ordinance which provided that if any assessment be set aside by order of any court, the council might cause a new one to be made in like manner for the same purpose for the collection of the amount so assessed. An injunction was granted by the trial court to prevent the collection of the reassessment, and the judgment was affirmed on appeal. We quote from the body of the opinion:

"The case presented by the defendants is one which they have decided beforehand against the taxpayer in one of the most important particulars of the assessment scheme. Jurisdictional power cannot, like the phoenix, rise from its own ashes, and where the case presented is one in which full compliance with the essentials of jurisdiction cannot be had, repetition of the same process will never confer jurisdiction. In short, it appears by the record that, on account of the improvement having been previously made and not still in contemplation, it is impossible for the council in the language of the charter to cause a new assessment 'to be made in like manner for the same purpose.'"

See, also, Crawford v. City of Detroit, 169 Mich. 293, 135 N. W. 314; Comstock v. Eagle Grove City, 133 Iowa, 589, 111 N. W. 51, City of Geneseo v. Schultz, 275 Ill. 273, 100 N. E. 926; People v. Hayes, 258 Ill. 242, 101 N. E. 549; Curless v. Watson, 54 Ind. App. 110, 100 N. E. 576; Schintgen v. La Crosse, 117 Wis. 158, 94 N. W. 84; Birnie v. La Grande, 78 Ore. 531, 153 P. 415; McMillan v. Barber Asphalt Paving Co., 151 Wis 48, 138 N. W. 94, Ann. Cas. 1914B, 53; Bekkedal v. Viroqua, 183 Wis. 199, 197 N. W. 707; Thayer Lmbr. Co. v. Muskegon, 157 Mich. 424, 122 N. W. 189.

There are certain elements involved in the instant case to which we shall direct attention, which are not involved in any of the

reported cases. The resolution of necessity provided for, the paving of a certain district. The protests in writing were duly filed by the owners of more than one-half in area of the land liable to assessment in said district. At this point in the proceedings the jurisdiction and authority of the city council was terminated by the positive action of the landowners. In this case there was not a failure to acquire jurisdiction, but there was a positive mandate from the property owners which divested the city council of further jurisdiction, and effectually cut off their authority to take further action. Sec. 4591, C. O. S. 1921; Sharum v. City of Muskogee, 43 Okla. 22, 141 P. 22. In the face of such mandate from the property owners, the council proceeded to enter into a contract with J. H. Baldwin to pave two isolated sections of the paving district, evidently under the erroneous assumption that, since a majority of the landowners in these two isolated sections had not registered a majority protest, the council was vested with authority to so proceed. It is fundamental that payment of special assessments for special improvements is based upon the benefits accruing to the property. Those landowners who did not protest impliedly gave their consent to the improvement on the theory that the entire district would be paved. No consent was ever given to the paving of two isolated sections of Main street. Mansell v. City of New Cordell, supra.

In some of the reported cases above referred to, there is disclosed a lack of diligence on the part of property owners. The courts and the Legislatures have gone to the verge of the law to prevent a property owner from standing idly by while his property is being improved, and then escape payment for the improvements through some technicality of law. Such is not the situation in this case. The record discloses prompt action on the part of the landowners. It was sought in the outset to prevent the city from entering into the contract. The petition for injunction was denied in the lower court, but plaintiffs exercised their right of appeal. The contractor was a party to the original action, and was fully informed as to the merits of plaintiffs' claims. He was also fully informed as to the pendency of the appeal, but, while the appeal was pending, he continued with the improvement and completed it prior to the decision of this court.

We cannot give assent to a doctrine which would permit a city council to build isolated sections of pavement in a city or town, of doubtful value or benefit to the owners of property, and, through the machinery of law, to force payment thereof against the mandate of the owners, while they were exercising every means within their power to prevent the incurring of such charges against their property. The moral and equitable considerations noted in some of the authorities are noticeably lacking here.

It is stated in the briefs that at a later date the streets which were abandoned in improvement district No. 1. were included in another district, and were subsequently paved, so that the result as first contemplated was finally accomplished. This fact would apply to the moral and equitable features of the case, but has no bearing upon its legal status.

We are not here passing upon the authority of the Legislature to enact curative statutes which have heretofore been passed in many states for the purpose of providing a remedy in cases similar to this. We say that the statutes relied upon herein are not curative statutes but were in full force and effect prior to the institution of any of the proceedings involved herein, and were passed for the purpose of remedying any formal defects in the various proceedings necessary to create a valid assessment, but are not sufficient to supply that essential prerequisite to all such proceedings, which is of jurisdiction.

We conclude that the defense offered to justify the disregard of the permanent injunction heretofore entered in this cause is insufficient, and accordingly the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS, J., absent.