**Bessie M. DECKER et al., Plaintiffs in Error,**

**v.**

**PONCA CITY et al., Defendants in Error.**

**No. 38743.**

Supreme Court of Oklahoma.

April 11, 1961.

Raymond A. Trapp, Blackwell, for plaintiffs in error.

George W. Miller, Ponca City, Smith, Leaming & Swan, Oklahoma City, for defendants in error.

DAVISON, Justice.

This action was filed by Bessie M. Decker et al., (plaintiffs) as property owners against the City of Ponca City and the Mayor and Commissioners thereof and Ivan King (contractor) alleging the invalidity of the creation of a special improvement district for the paving and otherwise improving of a street abutting their properties, and seeking to enjoin the levy and collection of special assessments for payment of the cost of such construction. The defendants answered denying any such invalidity and further pleading that plaintiffs with full knowledge of the making of such improvements took no steps to prevent the construction of such improvements and thereby plaintiffs were estopped to maintain the action.

The trial court sustained defendants' demurrer to the evidence of plaintiffs and dismissed their action and plaintiffs have perfected an appeal to this court.

There is not much dispute as to what transpired in the creation of the improvement district and the letting of the contract and construction of the street improvements. The City of Ponca City operates under and is controlled by a charter adopted in 1919. The charter contains provisions for the making of street improvements and assessment of the cost thereof against abutting property.

On January 6, 1958, the Board of Commissioners passed resolution No. 1747 declaring it necessary to improve an eleven block portion of Hartford Avenue, identified herein as located between 3rd and 14th streets, by laying pavement 40 feet in width and 7 inches thick, with curbs and gutters and other work in connection therewith and further providing for assessments to pay the cost of the improvement. The resolution did not describe the project as an improvement "district" nor by number as such. It was stipulated that the resolution was duly passed.

The plaintiffs and some other property owners protested. This protest represented less than 50% of the property affected between 3rd and 14th streets. The Commissioners thereupon found the protest insufficient under the charter and directed the City Engineer to prepare plans and specifications and estimate of probable cost and expense. The Commissioners further expressed their determination to proceed with the improvement "in the manner and in accordance with the plans and specifications hereafter to be adopted."

Plaintiffs are owners of property between 3rd and 7th streets. They point out and it is a fact that the above protest represented considerably more than 50% of the affected property on Hartford Avenue between these streets. In view of later developments this constitutes one of the reasons whereby plaintiffs claim the street improvement and assessments are invalid.

After passage of 1747 the City and/or Commissioners decided to construct the paving improvement in three sections. In furtherance of this plan and on July 28, 1958, the Commissioners passed resolution No. 1768 designating that portion of Hartford Avenue identified herein as being located between 3rd and 7th streets as Street Improvement District No. 39, for improvement as provided in No. 1747; approving the plans, specifications and estimate of cost, within these limits, prepared by the City Engineer pursuant to 1747; and directing the city clerk to advertise for bids for construction of the improvement. This was done and upon bids made and considered the contract was let to the defendant, Ivan King, on what is known as a unit price basis, who then constructed the improvement in District No. 39, between 3rd and 7th streets. It is agreed that the other two sections have been paved and that the paving of Hartford Avenue from 3rd to 14th street is complete.

Upon acceptance of the completed project the cost was computed, based upon the agreed unit price basis. Approximately one-half thereof was charged to the City under some prior arrangement made before passage of 1747 by which the City was to pay for a 10 foot strip down the center and one inch of the thickness of the paving, and drainage structures. The balance was apportioned against the property within District 39 including that owned by plaintiffs. Notice by publication and mail was given to the property owners that objections would be heard December 8, 1958. Plaintiffs appeared and protested that this was their first knowledge that the paving was to be accomplished other than as a single project and district and that the acts of defendants were without authority of law and contrary to the charter. The protests were denied and the assessing ordinance was passed. Plaintiffs thereupon instituted this action.

Plaintiffs contend that defendants failed to comply with Section 106 of the charter relative to preparation of a list of property to be charged and the proportion and

amount to be charged against each property. Specifically plaintiffs charge that if this had been done at the time required and notice given plaintiffs instead of after the project was completed, plaintiffs could have presented their protest before the work was commenced or at least before completed. Section 106 in part provides:

"Hearing and Assessments. The contract or contracts for such improvements and the bond or bonds having been executed and approved by the Board it shall be the duty of the City Engineer to at once prepare a written statement describing the property, by block or lot, number or otherwise, abutting upon the section or sections of the street, public ground, or alleys named to be improved, so describing the property as to identify the same; and such statement shall also contain an estimate of the total costs of such improvement and the proportion and amount of such costs to be assessed against abutting property. * * *"

Section 106 further provides for approval of the proportion and assessments by the Commissioners and notice to the property owners and hearing on any objection or claim of invalidity or error in the proceedings. As shown above these acts were not done until after the project had been completed and accepted. Defendants' position is that the contract was let on a unit price basis and that the cost could not be ascertained until after the project had been completed and the quantities then tabulated.

Plaintiffs' contention is similar to that made in City of Tulsa v. Weston, 102 Okl. 222, 229 P. 108, (dismissed for want of jurisdiction, 269 U.S. 540, 46 S.Ct. 202, 70 L.Ed. 401) in connection with a charter provision of the City of Tulsa identical with the present charter. Therein this court held that the proper procedure under the charter was to take the cost and apportion and assess the affected property after completion of the project and that any other construction would render the charter provision an unworkable proposition. In the cited case we also held the objections provided for went only to the individual and the proportionate benefits touching his property. In view of this decision we conclude plaintiffs' contention is without merit.

Plaintiffs further contend that after passage of the resolution of necessity (1747) embracing Hartford Avenue from 3rd to 14th streets the Commissioners were without authority to adopt a procedure whereby the improvement was to be constructed in three sections or improvement districts. They urge also that such procedure prejudices them because it deprives them of the benefit of apportionment of the overall cost of the larger project.

The evidence was that the procedure followed was the same as had been used for the past 13 or more years as being more advantageous to the property owners by reason of more competitive prices and more attractive to local contractors. Nor do we find from the record any affirmative acts of concealment of the procedure used. The City Engineer testified that the cost on the section in No. 39 was much lower than that reflected in the preliminary estimate on the entire improvement; however, Mrs. Decker (the only plaintiff testifying) said an Assistant City Engineer had earlier made a statement to her that the assessments in that area would be high. Mrs. Decker further testified she did not see any need to file suit until the job was completed. As stated above, it is agreed that the other two sections have been paved and that the paving of Hartford Avenue from 3rd to 14th streets is complete.

Both sides cite authorities in support of their respective positions relative to the validity of constructing the improvement in segments. Under our view of the law as applied to the factual situation we are of the opinion that this question is not required to be answered in order to determine the rights of the parties.

In City of Tulsa v. Weston (229 P. at page 119), supra, this court cited with approval a statement that a city is a miniature state, the council is its legislature, and the

charter is its constitution, and that where power was given in general terms the exercise thereof was subject to the legislative discretion of the council. Section 101 of the Ponca City Charter requires the passage of a resolution of necessity as the initial step in the making of street improvements. This was done with the passage of 1747 and it was stipulated the same was duly passed by the Commissioners.

In Perkins v. City of Pawhuska, 106 Okl. 5, 232 P. 937, we said jurisdiction was acquired by passage of the resolution of necessity and that subsequent proceedings were matters for the exercise of legislative and administrative judgment. Of course, the exercise of such judgment is not unqualified and unrestricted and will not withstand proof of fraud or collusion. The established fact under the record is that the city and its officials were vested with jurisdiction and the right to proceed to make the street improvement. Cases to the same effect are Baldwin v. City of Lawton, 198 Okl. 585, 185 P.2d 699, 701, 702; Bickel v. Warner-Quinlan Asphalt Co., 70 Okl. 138, 174 P. 537; McKnight v. City of Oklahoma City, 165 Okl. 210, 25 P.2d 638; Bocox v. Town of Bixby, 114 Okl. 269, 247 P. 20; White v. City of Pawhuska, 130 Okl. 156, 265 P. 1059.

The plaintiffs in taking title to their respective properties did so with knowledge of the potential necessity of improving Hartford Avenue and of the power of the City and Commissioners pursuant to the charter to have such improvement made and levy an assessment to pay the cost of the same. Assuming that plaintiffs, because of the alleged invalid procedure, could have prevented the paving of the street, the fact is that they took no legal action to prevent the doing of the work and the expenditure of public and private money. The paving has been completed and is in use from 3rd to 14th street as described in the resolution of necessity. There is no evidence that plaintiffs have been prejudiced, under the procedure followed, by having their property charged with a larger amount than it would have been under other procedure. This is a situation where the doctrine of estoppel applies so that persons with knowledge of the making of the street improvement, who stand by and take no legal action, may not after completion be afforded relief against assessments levied against the property benefited to pay for such work. Wey v. City of Hobart, 66 Okl. 175, 168 P. 433, and City of Bartlesville v. Holm, 40 Okl. 467, 473, 139 P. 273, 9 A.L.R. 627.

The cases cited by plaintiffs where the municipality was without jurisdiction or a section of the improvement was dropped and not improved are not in point. Here jurisdiction was present and the entire improvement described in the resolution of necessity was completed. In particular plaintiffs rely on Mansell v. City of New Cordell, 120 Okl. 187, 250 P. 920, 921. There the protest was by owners of more than 50% of the area liable to assessment and was sufficient to invalidate the resolution of necessity. This deprived the City of all jurisdiction in the matter. Consequently, when the City of New Cordell undertook to proceed to improve a part of the original project it did so without any semblance of jurisdiction. This distinction is emphasized in the later case of the City of New Cordell v. Mansell, 169 Okl. 166, 36 P.2d 508. which grew out of the same controversy and wherein the court stated that the protestants had at all times diligently pursued their legal remedies.

After examination of the entire record we cannot say that the judgment of the trial court was against the clear weight of the evidence.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.